At this term the opinion of the Court was delivered by
Parsons, C. J.
[who, after reciting the facts as before stated, proceeded.]
That the sum reported by the referees was a credit of Freeman’s in Frye’s hands is very clear, as it was a debt due before, but not liquidated until the report. But whether this credit was so situated as to be the subject of Howell’s attachment, is the great question.
The eighth section of the act, which authorizes the attachment of credits, provides that the taking of the goods, effects, and credits, out of the hands of the trustee, pursuant to that statute, shall discharge him against all suits and demands of the principal; and, if sued, he may plead the general issue, and give that statute in evidence.
It is the design of the statute, and manifestly just, that the trustee shall not be twice charged for the same credit, once *106 [*124] *by the attaching creditor, and again by his principal. The credit, therefore, liable to this attachment, must be so situated, that, if it be taken by the attaching creditor, the trustee may legally defend himself, when called on by the principal.
In the present case, before the attachment, a suit to compel pay ment was pending, a rule of reference had been entered into, in which the parties had agreed that judgment should be entered according to the report, and the referees had agreed on their report. In this state of the action, no day for pleading remained for the trustee, and the law furnished him with no legal defence against the principal’s demand of judgment. The principal being entitled to judgment, his execution was properly sued out and satisfied. The debt consequently due him from the trustee was, at the time of Howell’s attachment, so situated, that he could not defend himself against paying it to Freeman: it is not, therefore, a credit in the hands of the trustee subject to this attachment (2).
The trustee must be discharged and have his costs.

 [Locke vs. Tippets & Trustee, 7 Mass. 149.—Foster vs. Jones, 15 Mass. 185.— Gridley vs. Harraden, 14 Mass. 496.—Thorndike vs. De Wolf, 6 Pick. 120.—Kidd vs Shepherd, 4 Mass. 238.—Eunson vs Healy Trustee, 2 Mass. 32.—Ed.]