And now at this term the opinion of the Court was delivered by
Parsons, C. J.
After a verdict in this cause for the plaintiff, the defendant moved to stay judgment, because after the plea pleaded and issue joined, and during the term in which the cause was tried, before the verdict, the goods, effects, and credits, of the plaintiff were attached in his hands as trustee of the plaintiff in several suits commenced against him by his creditors.
We are all of opinion that the motion ought not to be granted. These attachments are made pursuant to the statute of 1794, c. 65, providing a remedy for creditors, whose debtors have intrusted and deposited their goods, effects, and credits, in the hands of others, so that they cannot be attached by the ordinary legal process. When a creditor has sued his debtor, and is endeavoring by compulsory process to recover from his hands his effects and credits, it is hardly to be conceived that it was the intention of the statute to consider those effects and credits as a trust and deposit, to be attached by a process by which the creditor is to be delayed or defeated in his action. But we do not decide on this point; because the statute provides that the goods, effects, and credits, when thus attached, shall stand bound to satisfy the judgment of the attaching creditor; and * when appropriated for that purpose, the [ * 239 ] trustee may defend himself at law against the principal: it is therefore manifest that the effects must be attached under such circumstances as will enable the trustee to plead the attachment in bar of the action of the principal, so that he may defend himself at law, and not to rely on a relief to be granted by the judge at his discretion.
In this case, the attachment was made after plea pleaded and issue joined, and the motion is made after verdict. The trustee cannot therefore defend himself against a recovery by his principal, by the trial of any issue in fact or in law, on any plea which he has opportunity to plead. The attachment is therefore void, and judgment cannot be stayed. The principles of this decision were fully considered and settled in the case of Howell vs. Frye, trustee of Freeman, in Cumberland. (1)
(a)

 Ante, vol. iii. p. 121.

 [Thorndike vs. De Wolf and Trustees, 6 Pick. 120.—Locke vs. Tippets and *214 Trustees, 7 Mass. Rep. 149. — Gridley vs. Harraden, 14 Mass. Rep. 496. — Foster vs, Jones, 15 Mass. Rep. 185. — Emerson vs. Healey and Trustee, 2 Mass. Rep. 32.—Prescott vs. Parker, ante, 170.—Rev. Stat. c. 109, § 31, 32, 33. — Ed ]