## HENRY WILLIAMS *et al. versus* JOHN M. MARSTON, Principal, and JOHN BAKER and CHARLES THACHER, Trustees.

A gave his note in payment for goods purchased by B through a broker, and took the goods to sell on commission as security for his liability. After he had sold them at a profit, but before he had received payment for them, B was summoned as a trustee of the broker, who was to have part of the net profits. *Held,* that he was not chargeable, it being contingent whether any net profits would ever come into his hands.

If, after the service of a trustee process by leaving a copy, the person summoned shall, *bonâ fide,* before actual notice of the service, make a payment, or give or accept a negotiable security in favor of the principal debtor, which shall have been negotiated before notice, he will be protected against the trustee process. *Semble.*[1]

*Aliter,* where he has reason to suppose such service has been made, and he neverthe less makes a payment &c. with a view to assist the principal debtor in defeating his creditors of their debts. *Semble.*

IT appeared from the answers of the supposed trustees, that in June, 1823, Baker purchased a cargo of lemons and oranges ; that Marston was employed as a broker to make the purchase, and was to have one third part of the net profits upon a resale ; that Thacher, at Baker's request, gave his note for the lemons and oranges, and took them to sell on commission as security for his liability ; that at the time when the trustee process was served all the fruit had been sold at a profit, some of it by Thacher himself, and the rest by consignees in different places, who had orders to sell for cash, but that Thacher had not then received so much of the proceeds as would be sufficient for his indemnity.

It further appeared from the answers of Baker, that Marston came to his store on the 18th of July, at about 4 o'clock in the afternoon ; that he said Thacher had been summoned as his trustee, but did not say that Baker's name also was in the writ ; that he then drew, and Baker accepted, an order payable to Marston's own order and to be charged to him on account of the amount which Baker might receive for his interest in the lemons and oranges ; and that Baker, knowing Marston to be insolvent, suspected that he drew this order to prevent Baker's being

---

[1] Provision is made for such a case in Revised Stat. *c.* 109, § 5.

Williams
v.
Marston and
Trs.

66

March 8th,
and July
13th.

July 15th.

summoned as his trustee, or to raise money for his immediate necessities.

The trustee process was served on Baker on the same 18th of July, at 3 o'clock in the afternoon, by leaving an attested copy at his dwellinghouse, but he stated that he did not receive the copy till half past 6 o'clock, when he returned to his house.

The question was, whether Baker should be charged as trustee.

*Morey,* for the plaintiff, contended, 1. that Baker was indebted to Marston and that the debt was attachable by this process. *Fisk* v. *Herrick & Tr.* 6 Mass. R. 271. There was no contingency here, as in *Davis* v. *Ham & Tr.* 3 Mass. R. 33, but the proceeds of the goods were in the hands of Baker, or of his subagents, which is the same thing. *Frothingham* v *Haley & Tr.* 3 Mass. R. 68.

2. The service of the writ, having been made in one of the modes prescribed by the statute, is binding from the time when it was made, as in the case of an attachment of real estate Though there may be hard cases where a trustee makes a payment to the principal debtor before he has actual notice of the service, yet that cannot change the law ; and there will be no hardship in the present case in charging Baker, for he had reason to suppose that a service had been made. What is sufficient to put a party on inquiry, is equivalent to notice. 2 Fonbl. on Eq. 151 ; *Johnson* v. *Bloodgood*, 1 Johns. Cas. 53. But if there was not notice, still as the order was accepted for the purpose of assisting Marston to defeat his creditors, Baker will be held as trustee.

*Merrill, contrà,* cited *Touro* v. *Coates & Tr.* 10 Mass. R. 25 ; Co. Lit. 360 *a ; Bury* v. *Hartman*, 4 Serg. & Rawle, 175 ; *Mandeville* v. *Welch,* 5 Wheat. 285 ; *Lyndon* v. *Gorham et al.,* 1 Gallis. 367.

PARKER C. J., in giving the opinion of the Court, said in substance, that when the writ was served, it was contingent whether Baker would become indebted to Marston, as the price for which the fruit was sold had not been received.[1] His

---

[1] See *Faulkner* v. *Waters,* 11 Pick. 474; *Willard* v. *Sheafe,* 4 Mass. R. 235 *Thorndike* v. *De Wolf,* 6 Pick. 120; *Tucker* v. *Clisby,* 12 Pick. 22; *Rundlet* v

acceptance of the order was not an acknowledgment of an actually existing debt, as he might depend on being indemnified out of the money which he was about to receive. In this view of the case it became unnecessary to consider the effect of the order upon the trustee process, in case a debt had existed at the time of the service of the writ. A payment made *bonâ fide* without knowledge of the service ought to be in justice, and we think it would be in law, protected. So a negotiable note or acceptance, if negotiated before notice of the service, would probably be saved. From the circumstances disclosed however in this case, we are inclined to think Baker would be liable if he had had funds in his hands, for he knew that Thacher had been summoned as trustee and that the order was a contrivance to help Marston to defeat his creditors.[1]

Williams
*v.*
Marston and
Trs.
_____
67

*Trustees discharged.*

---

*Jordan,* 3 Greenl. 47; *Staples* v. *Staples,* 4 Greenl. 532; *Sayward* v. *Drew,* 6 Greenl. 263; *Coit* v. *Bull,* Kirby, 149; *Kidd* v. *Shepherd,* 4 Mass. R. 238. But an unadjusted claim for a loss on a policy of insurance is subject to the process of foreign attachment. *Knox* v. *Protection Ins. Co.* 9 Connect. R. 430.

[1] It is now settled, however, that if a debtor, at the request of his creditor, in order to avoid being summoned and charged on the trustee process, gives his own *negotiable note to the creditor for* the amount due, he will not be chargeable as the trustee of the creditor. *Wood* v. *Bodwell,* 12 Pick. 268. See *Dennie* v. *Hart,* 2 Pick. 204.