## ISRAEL THORNDIKE *versus* GEORGE DE WOLF and Trustees.

Where one summoned in a process of foreign attachment, disclosed that he had in his hands property, the title to which was in controversy between the principal defendant and a third person, being submitted to referees, and that during the pendency of the process, the referees had awarded in favor of the principal defendant, he was adjudged trustee.

Where property was given to two as owners of a ship, it was *held* that it belonged to them as tenants in common, and not as partners, and that a prior attachment of it by a creditor of one of them, was valid against a subsequent attachment by a joint creditor.

THIS case was argued at the last March term, by *Bartlett*, for the trustees, and *F. Dexter*, for the plaintiff; and at this term the opinion of the Court was delivered by

---

[1] See 2 Phillips on Ins. 439; *Robinson* v. *Clifford,* 2 Wash C. C. R. 1

PARKER C. J.   Sargent and Brooks, who were summoned as trustees in this case, have disclosed, that before the service of the writ upon them, one Lewis consigned to them, as commission merchants, an invoice of silk goods, which they sold, and the proceeds of which they have in their hands ; that De Wolf and one Smith claimed the proceeds as belonging to them, in virtue of their alleged property in the silks ; that a written order, signed by De Wolf, Smith and Lewis, was left with them, authorizing them to retain the proceeds until the right to the property should be settled by certain referees, to whom they, that is, Lewis, De Wolf and Smith, had submitted the controversy ; that after the service of this writ upon them, the referees decided that De Wolf and Smith were entitled to a portion of the property as owners of the vessel, of which Lewis was master, and that Lewis was entitled to the residue for his agency in the transaction out of which the proceeds grew ; that they have paid to Lewis his proportion as determined by the referees, and that they still hold in their hands that part which was assigned to De Wolf and Smith.   It is made to appear by the certificate of the chairman of the referees, (all the papers relating to the reference having been lost, and this certificate being made part of the answer of the trustees,) that the silks consigned to them by Lewis were part of the proceeds of sandal wood alleged by Lewis to have been given to him by the king of the Sandwich Islands.   The referees determined, and we think rightly, that De Wolf and Smith being owners of the ship of which Lewis was master, they were entitled to a share, at least, of the property so given, as it was without doubt on account of the relation which Lewis bore to the ship and the voyage, that this present was made.   But be that as it may, the question of property having been submitted, determined and acquiesced in by Lewis, it is to be considered now, that De Wolf and Smith were owners with Lewis, of the sandal wood when taken on board the ship, and of course were owners of the silks which were purchased with the proceeds, and are now entitled to the proceeds in the hands of the trustees, received under the order signed by all the parties.

Upon this disclosure the counsel for the trustees contend ;

Thorndike
v.
De Wolf
and Trs.

1. That at the time of the service of the plaintiff's writ there was no property in their hands belonging to De Wolf, or any debt due to him from them, it being altogether contingent whether they should ever be accountable to De Wolf for any part of the proceeds : —

2. That the property was in litigation, so that they could not, if they paid over to the plaintiff, defend themselves against the suit of De Wolf, if he should call on them for the proceeds according to the order before mentioned : — and

3. That whatever property or credits there may be, belongs to De Wolf and Smith as copartners, and that the trustees are not liable on this process to account to the creditors of De Wolf alone.

It appears from the disclosure, that writs have been served upon them in favor of other creditors of De Wolf alone, since the determination of the referees ; and also that writs have been served upon them by creditors of De Wolf and Smith jointly. The controversy, therefore, is between three classes of creditors, all aiming at the funds in the hands of the trustees ; — the plaintiff, who claims against them as trustees of De Wolf alone, his writ being served before the award of the referees ; — others, creditors of De Wolf only, whose writs were served after the award ; — and others, who claim as creditors of De Wolf and Smith jointly. This makes it important that the questions raised by the counsel should be carefully examined and rightly decided.

To support the first position, that at the time of the service of the plaintiff's writ there was no certain debt or accountability to De Wolf, or any property belonging to him in their hands, the decisions of this Court, which are familiar to the profession, have been cited ;* and they fully maintain the general proposition, that property or debts not actually due, but depending on a contingency, cannot be attached on the trustee process. This was one of the earliest constructions of our trustee process, and it has been steadfastly adhered to. The proposition itself is sufficiently simple, but the application of it

* *Frothingham* v. *Haley*, 3 Mass. R. 70 ; *Davis* v. *Ham*, ibid. 36 ; *Willard* v. *Sheafe*, 4 Mass. R. 236 ; *Wood* v. *Partridge*, 11 Mass. R. 493 ; *Williams* v. *Marston*, 3 Pick. 65 ; *Grant* v. *Shaw*, 16 Mass. R. 343. *Reporter.*

to particular cases which raise the question of contingent or not, is not always of easy solution. Thus much, however, may be considered as clear, that the contingency must affect the property itself, or the debt which is supposed to exist, and not merely the title to the property in the possession of the trustee, or his liability on a contract which he has actually made, but the force or effect of which is in litigation. Examples showing the distinction may be taken from the cases decided. Thus the wages of a sailor on board a vessel which has not arrived, are not liable to the process, because whether due or not depends on the arrival of the vessel. *Wentworth* v. *Whittemore and Tr.* 1 Mass. R. 471. So shippers of a cargo, under contract with the owner of the ship that he shall have a share of the net profits arising on the cargo, are not liable as trustees, until the termination of the voyage, as it is altogether contingent whether any thing will ever be due. 3 Mass. R. 33. There are many other cases of a similar character, but these two are sufficiently distinct, to show what is intended in the decisions by the term *contingent*, that is, an uncertainty whether any thing will ever come into the hands of the trustee, or whether he will ever be indebted, the uncertainty arising from the contract, express or implied, between the debtor and the trustee.[1] This principle has never been applied to a case where property is actually in the possession of the trustee, claimed by the debtor, his right to it being in controversy, nor to demands against the trustee himself in the nature of a debt due to the principal, which, however, may be in dispute between them. In such cases the process is considered as attaching, and is postponed until a liability to the debtor is ascertained. This, however, is subject to the restriction, that the trustee process shall be served before the party summoned shall be concluded, by the state of the pleadings, against showing in defence, that the debt or property is attached in his hands.

This was settled in the case of *Howell* v. *Freeman and Tr.* 3 Mass. R. 121. It had been better perhaps originally, that

---

[1] See Revised Stat. *c.* 109, § 30; *Williams* v. *Marston*, 3 Pick. (2nd ed.) 66, note 1 ; *Faulkner* v. *Waters*, 11 Pick. 473; *Guild* v. *Holbrook*, 11 Pick 104.

the commencement of a suit against the debtor should have exempted him from the trustee process, and it was so determined in the case of *Gridley* v. *Harraden*, found in the appendix of 14 Mass. R. *p.* 496. This case was decided in the year 1780, under the old provincial trustee act passed in 32 *Geo.* 2. Under the present existing statute, it has never been determined, that the mere commencement of a suit for a debt prevents the operation of the statute. On the contrary, this process has been maintained after such suit commenced, as in the cases of *Locke* v. *Tippets and Tr.* 7 Mass. R. 149 ; *Kidd* v. *Shepherd*, 4 Mass. R. 238 ; *Foster* v. *Jones*, 15 Mass. R. 185.[2] These cases are cited in Bigelow's Digest, as showing that the mere commencement of a suit bars the trustee process ; but neither of them maintains the position, except the case of *Gridley* v. *Harraden*, which was decided before the present act was passed. But if it were true that the commencement of a suit would have that effect, this case would not be influenced by that principle ; for the trustees in this case have not been sued, nor have they any controversy about the property. They are stakeholders, ready to pay to whoever has the right. They hold the proceeds in trust for Lewis, De Wolf or Smith, as the referees shall award. There is no contingency as to the property, but merely as to the title, and that, as before observed, does not discharge them from the suit. They have had full opportunity to disclose, so that a judgment against them in this action will be a bar to any action by De Wolf for his share of the proceeds in their hands.

It is objected, however, that De Wolf and Smith being jointly interested in these funds, the respondents are not the debtors of De Wolf alone, and therefore are not liable in this suit, in which De Wolf is a sole debtor. This depends altogether upon the question whether De Wolf and Smith are copartners ; if they are, the objection is well taken, as was decided in the case of *Fisk et al.* v. *Herrick and Tr.* 6 Mass. R. 271, and *Upham* v. *Naylor and Tr.* 9 Mass. R. 490.[1]

---

[2] See Revised Stat. *c.* 109, § 31, 32, 33.

[1] See *Hawes* v. *Langton*, 8 Pick. 70 ; *Church* v. *Knox*, 2 Connect. R. 514 Cushing on Trustee Process, 93 to 100, 44 to 48 ; *Lyndon* v. *Gorham*, 1 Gallison, 367.

Thorndike
v.
De Wolf
and Trs.

These cases, however, relate to copartnerships properly so called, and not to mere tenancies in common or joint ownerships of personal property ; and the reason is, that no one partner can have any separate interest in a copartnership debt, if he himself is indebted to the copartnership to an amount which will absorb his proportion ; so that his share shall not be taken, until it shall be made to appear that it is free from the lien of the other partners.  But it is not so with tenants in common of a ship, or persons jointly interested in a cargo, they not being partners, for they have no lien upon each other's share,[2] and are not answerable for each other's debts.   And this has been settled in several cases similar to the one before us.   Where A and B were owners of a cargo in distinct proportions, sold in Calcutta, and the proceeds were invested in a return cargo, and B carried on trade for himself, unconnected with A in trade, it was held that they were not partners in the transaction.   *Holmes* v. *United Ins. Co.* 2 Johns. Cas. 329. In another case of a joint interest in a voyage, it was determined, that admitting there was a partnership in respect to the outward voyage, yet it terminated with the sale of the cargo, and the interests in the return cargo became separate and distinct, each party being entitled to his proportion, without any concern in the profit or loss which might ultimately arise. *Post* v. *Kimberly*, 9 Johns. R. 470.*

Now what is the interest of De Wolf in the funds in the hands of Sargent and Brooks ?   Smith and De Wolf were the owners of a ship, and concerned together in a voyage. It is to be presumed that each furnished his share of the outward cargo.   The ship brings home silks, which, by reason of Smith and De Wolf being ship-owners, become their property.   They are tenants in common until the property is divided.[1]   When sold, they have the same interest in the proceeds.   Neither can claim more than his share on account of debts due from the other.   They have no lien.   The consequence is, that a creditor of either may attach a moiety, and

[2] See *Merrill* v. *Bartlett, ante,* 47, note 1.

* On this point the counsel for the trustees cited *Nicoll* v. *Mumford,* 4 Johns. Ch. R. 522. *Reporter.* [See Collyer on Partn. (1 Am. ed.)13, 14, n. 6.]

[1] See 3 Kent's Comm (3d ed.) 157 ; *Jackson* v. *Robinson,* 3 Mason, 138.

11 *                                   125

Thorndike
v.
De Wolf
and Trs. when sold by a factor, though he may discharge himself by payment to either, if they united in the deposit, he is nevertheless debtor to each, and is answerable to the creditor of each when the funds are attached in his hands.

*Trustees charged.*