## Noah Burnham, *versus* J. Folsom, and J. G. Sanborn, his trustee.

In process of foreign attachment, the trustee cannot be adjudged chargeable
for a debt, for the recovery of which an action, commenced before the ser-
vice of the foreign attachment upon the trustee, is pending between the
principal and trustee.

In this case, the trustee disclosed in his answers, that
on the day, when the writ was served upon him, he was
indebted to the principal, Folsom, in the sum of $22,07,
that being the balance of Folsom's account against him ;
but that, on the 9th December, 1829, and before the
commencement of this suit, Folsom had sued out a writ
against him for that balance, and the same had been duly
served, which action of the said Folsom against him was
still pending.

*Walker*, for the plaintiff.

*Lyford*, for the trustee.

The opinion of the court was delivered by

Richardson, C. J.   The question is, whether the trus-
tee, in this case, can, upon his disclosure, be [adjudged
chargeable ?

The general rule prescribed [by the statute, is, " that
when any person shall have in his possession money,
goods, chattels, rights, or credits of any debtor, such
person shall be deemed and taken to be trustee of such
debtor, and shall be liable to the suit of any creditor of

such debtor." But it is provided in the statute, that whatever may be thus taken from the possession of the trustee, by any creditor of the principal, shall discharge the trustee from all actions and suits for the same ; and that if the trustee be sued, he may plead the general issue, and give the matter in evidence. And this provision in the statute has been construed to limit the broad language used in the first section, and to confine the liability of the trustee to cases, where the property in his hands is so situated that he can detain it against the will of the principal, and avail himself of a payment to the creditor of the principal, as a defence against any suit in the name of the principal. Thus, it has always been held, that a judgment debtor, against whom an execution may issue, cannot be held as the trustee of the judgment creditor, because he has no adequate means in his power to detain the property in his hands, against the will of the principal. 2 Mass. Rep. 91, *Sharp* v. *Clark* ; 4 ditto, 170, *Prescott* v. *Parker* ; 3 Mason, 136, *Franklin* v. *Ward*.

So it has been decided, that where the demand of the principal against the trustee is in suit, and has been submitted to referees, under a rule of court, and an award made in favour of the principal, the trustee cannot be charged in a suit brought against him after this, as such, because there is no way for him to protect himself against a judgment and execution in favour of the principal. 3 Mass. Rep. 121, *Howell* v. *Freeman* ; 2 Dowling & Ryland, 193, *Caila* v. *Elgood* ; 4 D. & E. 312, *Coppel* v. *Smith*.

It has further been held in Massachusetts, that a debtor, against whom an action is pending for the recovery of the debt, cannot be held as the trustee of his creditor, in a foreign attachment, in virtue of such debt, after issue joined in such action, and before verdict. 4 Mass. Rep. 238, *Kid* v. *Shepherd*.

It is settled every where, that a regular recovery in foreign attachment, and a satisfaction, are a good bar to

a suit in favor of the principal against the trustee. 3 East, 367, *McDaniel* v. *Hughes* ; 1 Saunders, 67, a, note ; 4 Greenl. 435, *Wise* v. *Hilton* ; 5 Taunt. 558, *Nathan* v. *Giles* ; 1 Brod. & B. 490, *Wetter* v. *Buckner* ; 17 Johns. 284, *Prescott* v. *Hull* ; 4 Johns. Ch. Rep. 467—468.

In Massachusetts, a judgment against the trustee without satisfaction, is a bar to a suit in favor of the principal against the trustee. 11 Mass. Rep. 265 and 488, *Wood* v. *Partridge* ; 1 ditto, 117, *Perkins* v. *Parker* ; 13 ditto, 153, *Hull* v. *Blake*.

It would seem, therefore, that in Massachusetts, the judgment against the trustee must be an extinguishment of the debt of the principal against the trustee, and also of the debt of the plaintiff against the principal, *pro tanto*.

But the law is believed to be otherwise in this state. The service of the process of foreign attachment upon the trustee, creates a lien, in favor of the plaintiff, upon the debt or property in the hands of the trustee. But neither the claim of the plaintiff against the principal, nor of the principal against the trustee, is extinguished without actual satisfaction of a judgment recovered against the trustee. 3 Mason, 247, *Flower* v. *Parker*.

This lien, however, upon the debt, or property, in the hands of the trustee, so long as it remains, suspends the right of the plaintiff to execution against the principal, except for what may remain due above the amount of the judgment against the trustee. This is evident from the last clause in the sixth section of the statute directing the proceedings against trustees of debtors.

It has been decided in Massachusetts, that it is no cause to abate a writ, that the defendant has been sued as the trustee of the plaintiff, and that the process is still pending. 8 Mass. Rep. 456, *Winthrop* v. *Carlton*.

But the law is supposed to be otherwise in this state. 1 Salk. 280, *Brook* v. *Smith* ; 5 Johns. 101, *Embree* v. *Hanna* ; 4 Cowen, 521.

Burnham
*v*
Folsom

In England, it seems always to have been held, that there cannot be an attachment of a debt, for which a suit is commenced in a superior court. Com. Dig. " Attachment," D. ; Cro. Eliz. 101, *Pell* v. *Pell* ; ditto, 157, *Babington* v. *Babington* ; ditto, 691, *Humphrey* v. *Barns* ; 1 Rolle's Ab. 552.

The law was decided to be the same in Massachusetts, under the old provincial act. 14 Mass. Rep. 496, *Gridley* v. *Harraden.*

And Parsons, C. J. in *Kidd* v. *Shepherd,* 4 Mass. Rep. 238, said, that it was hardly to be conceived, that it was the intention of the statute of the commonwealth, that a trustee should be liable in such a case.

There are cases, in which trustees have been charged in Massachusetts, in foreign attachments, commenced while a suit was pending between the principal and the trustee. 15 Mass. Rep. 185, *Foster* v. *Jones* ; 7 ditto, 149, *Locke* v. *Tippetts.*

But it does not seem to be settled there, by any adjudication, that this can be regularly done. 6 Pick. 123—124.

In some cases, there would be no great inconvenience probably, in holding the trustee to answer to a process of foreign attachment pending a suit between him and his principal. But cases may be very easily imagined, in which it would impose upon the trustee very great hardships and embarrassments.

And we are, on the whole, of opinion, that no trustee is chargeable in any process of foreign attachment, commenced during the pendency of a suit between him and his principal, for the same property, on account of which he is sought to be charged.

*Trustee discharged.*