## HASELTON *v.* MONROE.

It is a sufficient plea to the writ, that at its date an action had been commenced against the plaintiff, in which the defendant pleading had been summoned as trustee for the whole amount of the debt for which he is sued, and that he had not been discharged ; and it is no answer to such plea that the defendant was, by the result of the trustee suit, charged for a part only of the debt, after the date of the writ, and before the plea was put in.

ASSUMPSIT, to recover $21.11, due on an account annexed to the writ. The defendant pleaded in abatement that before the date of the writ, one Cheney sued out a writ against Haselton, the plaintiff, and this defendant, as trustee to an amount exceeding the sum demanded in this suit. The writ was returnable before William H. Rollins, a justice of the peace, on the 6th day of March next ensuing the service, and subsequent to the date of the present plaintiff's writ.

The replication stated that the action against the plain-

Haselton *v.* Monroe.

tiff was, by Rollins, the justice, continued to the 13th day of March, when judgment was rendered against the principal for $11.61, including debt and costs, and against Monroe for that sum as his trustee, and that Monroe is no further liable by reason of that suit.

The defendant demurred.

*Emery,* for the plaintiff.

*Hatch,* for the defendant.

GILCHRIST, J. The demurrer must prevail. The debtor who has been summoned as trustee for the whole amount which he owes the party made defendant in the trustee suit, cannot, while he remains liable to be charged in that suit, be called on by his creditor. This was said in *Burnham* v. *Folsom,* 5 N. H. Rep. 568, and is the language of the cases there cited, and of a still earlier one in Calthrop's Cases under the Customs of London 33, *Haydon* v. *Shink.*

*Judgment for the defendant on the demurrer.*