Norton *v.* Winter.

ZACHARIAH C. NORTON *v.* GABRIEL WINTER and BENJAMIN
G. LATTIMER.

*In the matter of the garnishment of D. H. Lownsdale.*

The defendant in a judgment cannot be garnisheed by a creditor of the plaintiff
therein.

ON the 8th day of May, 1852, Norton recovered a judgment against Winter and Lattimer, for the sum of $4,496 86. Execution issued January 17, 1853, containing an attachment clause, which was served on D. H. Lownsdale, as garnishee, who appeared at the return of such execution, and answered as follows: "I stand indebted to the above defendants, on a judgment entered against me on the 29th of October, 1851, on the records of the District Court of this county, for the amount of $1,400 and costs of suit."

*A. Campbell*, for Norton.

*Chapman & Wait*, for defendants.

WILLIAMS, C. J.  Is Norton entitled to a judgment against Lownsdale upon this answer?  Section 42 of the practice act provides, that in certain cases, a garnishee process may be served upon a person who has "property, rights and credits" in his hands belonging to defendant in execution.

Section 43 provides that, if such garnishee shall be found indebted to said defendant, &c., judgment shall be rendered against him, &c., and "such judgment shall bind all such property, effects, rights and credits in the hands of such garnishee, and the payment of the amount of the judgment by such garnishee shall operate as a conclusive bar to the right of any such defendant in execution to recover the amount paid under this process against any such garnishee."

While the comprehensive expression of "property, rights or credits," if standing alone, might be taken to include judgments, we think it is repelled by the subsequent provisions of the statute for the protection of garnishees. When a judgment is rendered against a person as garnishee, the payment of such judgment, the statute says, shall operate as a conclusive bar to the right of defendant in execution " to recover" the amount so paid against such garnishee.

" To recover" in law is to "recover any thing, or the value thereof, by judgment; as if a man sue for any land or other thing, movable or immovable, and have a verdict or judgment for him." (*Jacob's Law Dic. vol.* 5, *page* 401.) The "right to recover," then, as expressed in the statute, simply means a " right to obtain judgment." The process of garnishment is intended to lay hold of this "right to recover," or right to obtain judgment; but, after a recovery, as in this case, such right ceases to exist, and of course cannot be taken any more than a third person can take a right to sue on a promissory note after a judgment therein for the payee. The payment spoken of in the statute is to be a " conclusive bar," &c.

A " bar," in a legal sense, is a plea or peremptory exception of a defendant, sufficient to destroy the plaintiff's action. (*Jac. Law Dic. vol.* 1, *p.* 289.)

Would it not be absurd to say, that the payment of Lownsdale to Norton would destroy the action of Winter and Lattimer against him, when such action was ended by final judgment for the plaintiffs?

The plain effect of these provisions is to protect the garnishee from a second judgment for money paid on another and prior one, or, in other words, to protect him from two judgments for the same debt. To hold that the defendant in one judgment can therefore be subjected to another on garnishee process, is to hold that two judgments in favor of different persons may be rendered and remain of record at the same time, against the same person, for the same demand; that executions may issue on such judgments, and thus the

garnishee be driven to the trouble and expense of a suit to protect himself from twice paying the same debt.

A construction of the statute, productive of such a result, would be clearly wrong. In the case of *Howard* v. *Freeman et al.*, 3 *Mass. Rep.* 121, Chief Justice Parsons, under a statute similar to ours, says: "It is the design of the statute, and manifestly just, that the trustee shall not be twice charged for the same credit; once by the attaching creditor, and again by his principal. The credit, therefore, liable to this attachment, must be so situated that, if it be taken by the attaching creditor, the trustee may legally defend himself when called on by the principal." The same doctrine is affirmed in *Prescott* v. *Parker*, 4 *Mass. Rep.* 170 ; *Thorndike* v. *De Wolf*, 6 *Pick.* 119.

Garnishee discharged.