S. A. MILLER, ADM'R, v. W. M. TAYLOR AND ANOTHER.

See this case for circumstances under which it was held that a debt on which suit was pending in the District Court, was not subject to the process of garnishment from a Justice's Court.

Error from Houston.  June 29, 1850, Miller, administrator, obtained judgment against Hall before a Justice of the Peace, for $100.  February, 1851, arbitration under the Statute between Leaverton and Hall.  February 21, 1851, garnishment by Miller, administrator, on the judgment of June 29, 1850, for Leaverton, garnishee.  February 26, 1851, garnishment served on Leaverton.  March 8, 1851, judgment in the District Court, on the award of the arbitrators, against Leaverton, in favor of Hall for $126 47, no opposition thereto having been made. March 24, 1851, Hall transferred his judgment against Leaverton, to Taylor.  March 29, 1851, Leaverton answered as garnishee in the Justice's Court, acknowledging his indebtedness to Hall, and judgment was rendered against him in favor of Miller, administrator.  Miller and Taylor both proceeding to enforce their respective judgments against Leaverton, the latter brought this suit for an injunction and to compel Miller and Taylor to interplead, and brought into Court the amount of his indebtedness to Hall.  Miller answered, confessing the facts alleged.  Taylor excepted specially, 1st. That said claim was not subject to garnishment while pending in a Court, for adjudication.  2nd. That the rights of the plaintiff, if any he had, should have been brought forward as an objection to the making of the award the judgment of the District Court.  The Court below decreed that the injunction be dissolved as to Taylor, that Taylor recover his costs from Leaverton, and that the Clerk pay over to Taylor the money paid into Court; that

the injunction be perpetuated as to Miller, administrator, and that Leaverton recover his costs from Miller, administrator. Miller prosecuted this writ of error.

*S. A. Miller*, for plaintiff in error. The garnishee process, and the trustee process, by which very nearly the same thing is understood, wherever they exist, are the creatures of the local law. ‍ They differ in their provisions, probably, in every State in the Union. (11 Kent, p. 403, n. u.) By some of them a judgment debtor cannot be charged as trustee of his creditor. But no such restriction is attached to the garnishee process in this State. (Hart. Dig. Art. 48, 1337.) The Statute is broad, covering every character of indebtedness, whether "pending in a Court for adjudication" or not. The garnishee must answer "what he is indebted to the defendant, or what " effects of the defendant he has in his possession, and had at " the time of serving the garnishment."

The second exception of defendant Taylor, as a legal conclusion, is believed to be incorrect. By reference to the bill, which stands uncontradicted, it will be seen that at the time of the rendition of the judgment on the award, no judgment had been rendered on the answer of the garnishee. Hence Leaverton could not show or plead a former recovery. (Taylor v. Gardnier, 2 Wash. U. S. C. C. R. p. 488, found in Vol. 1, Amer. Com. Law, abridged by Wheeler, p. 589.)

*Yoakum & McCreary*, for defendant in error. At the time the garnishment was taken out, the indebtedness of Leaverton to Hall was in litigation, upon arbitration, under the Statute. Such indebtedness is not subject to garnishment. Our law of garnishments is derived from the foreign attachment law of England. "Then a foreign attachment cannot be had, when a " suit is depending in any of the Courts of Westminster, which " makes the matter not tő be meddled with by any other " Court." (Cro. Eliz. 691 ; Jac. Law Dic. Art. ATTACHMENT.)

Besides, the party had a clear remedy—supposing he was

rightfully garnisheed—in the District Court, on the original suit. He could have set up in defence the garnishment, or in answer to the garnishment he could have set up the District Court judgment and the transfer to Taylor. But he slept upon these rights, if any he had.

WHEELER, J. The first, and principal question to be determined, is, whether the garnishee could be held liable, under the circumstances of this case, upon the process issued from the Justice's Court. And the better opinion, upon authority, seems to be, that he could not ; by reason of the proceeding pending, or which was the same in effect as a proceeding pending, in another Court, not of concurrent, but of a different jurisdiction, at the time of suing out the process against the garnishee.

"It is an invariable and indisputable principle, that a gar-"nishee shall not be made to pay his debt twice. Conse-"quently, when he is in such a situation that, if charged as "garnishee, he cannot defend himself against a second payment "to his creditor, he should not be charged." (Drake on Attachment, Sec. 627.) This principle has been applied to cases where legal proceedings were pending against a garnishee at the suit of the defendant in the garnishment. And the doctrine has been held, that a garnishee cannot be charged on account of a debt, for the recovery of which an action, previously commenced by the defendant, is pending at the time of the garnishment. (Id. ; and 5 New Hamp. 566.) But the prevailing doctrine, in the Courts of the several States, and the better opinion, seems to be, that the pendency of an action by the defendant against the garnishee, will not prevent the garnishee's liability. It is so held in Pennsylvania, Alabama and Tennessee, and doubtless in other States. The Pennsylvania Court, acting, it is said, upon probably the first case in this country in which the question was involved, rejected the English doctrine that a debt in suit cannot be attached, as inapplicable here. That doctrine, in England, grew out of the fact, that

garnishment, there, is the offspring of special and local custom, and takes place in inferior Courts; and the Courts of general jurisdiction will not permit suits depending before them to be affected by the process of inferior tribunals. (2 Dallas, 277; 2 Yeates, 190; Drake on Attachment, Sec. 636.) In Massachusetts, the liability of the garnishee, where an action, on behalf of the defendant, is pending against him, turns upon the state of the pleadings in the action, at the time of the garnishment. If the pleadings are in such a state that the garnishee can plead the garnishment in bar of the action, he can be charged; otherwise not. Thus, where the garnishee had been sued by the defendant, and, before the garnishment, the action had been referred by rule of Court, in which rule it was agreed that judgment should be entered up according to the report of the referees, and execution issued thereon, it was held that the garnishee could not be charged; because, in that state of the case, no day of pleading remained for the garnishee, and the law furnished him no defence against the defendant's demand of judgment. (3 Mass. R. 121.) The same rule was enforced in another case, but where the garnishment (as in this case) took place after an award, but before judgment rendered thereon. (18 Pick. 492; and see 4 Mass. R. 238; Drake on Attachment, Sec. 630, 631, 635.)

The general principle seems to be, that the pendency, in the same Court, of an action on behalf of the defendant, against the garnishee, will not preclude the garnishee's being charged. But where the proceedings are in different jurisdictions; or where the action is pending in one Court, and the garnishment in another, and the Courts are of different jurisdictions, the rule appears to be different. Then the proceeding which was first instituted, will be sustained. (Id. Sec. 637.) Thus, in the case of Wallace v. McConnell, (13 Peters, R. 136,) where A sued B in the District Court of the United States, for the District of Alabama, and after the action was brought, B was summoned as garnishee of A, in a County Court of Alabama, and judgment was there rendered against him, and he pleaded

the judgment in bar of the action pending in the United States Court; the Court, on demurrer, held the plea bad. The Supreme Court say, "The plea shows that the proceedings, on "the attachment, were instituted after the commencement of "this suit. The jurisdiction of the District Court of the "United States, and the right of the plaintiff to prosecute his "suit in that Court, having attached, that right could not be "arrested or taken away by any proceeding in another Court. "This would produce a collision in the jurisdiction of Courts, "that would extremely embarrass the administration of jus- "tice." The Court, at the same time, expressly recognize the principle, that if the garnishment had taken place before the action was brought, it would have been sufficient in abatement or bar, as the case might be. The attachment of the debt, in that case, in the hands of the defendant would fix it there, in favor of the attaching creditor. The creditor would acquire a lien upon the debt, binding upon the defendant, which every other Court would recognize; and the defendant could not pay it over, or, of course, assign it to another. The Court say, "The rule must be reciprocal; and where the suit in one "Court is commenced prior to the proceedings under the at- "tachment in another Court, such proceedings cannot arrest "the suit; and the maxim *qui prior est tempore, potior est jure*, "must govern the case." It has been made a question, whether a judgment debtor can be charged as garnishee of the judgment creditor. And on this point also there has been a conflict of opinions and decisions. But the better opinion, upon authority and reason, seems to be, that he can. (Drake on Attachment, 638 to 643, and cases cited.)

But it has been said, that the force of the reasons in support of this conclusion is lost, when the judgment is in one Court and the garnishment in another. (Id. Sec. 643.) The observation may, perhaps, be just, if the latter Court is a Court of a different and inferior jurisdiction; but upon that point it is not necessary to express an opinion.

It does not distinctly appear, nor is it perceived that it

makes any difference, in this case, whether there was a suit pending previous to the submission to arbitrators or not. The agreement to arbitrate was a proceeding, which, under the Statute, entitled the party in whose favor the award was made, to have it made the judgment of the Court ; and the conflict of jurisdictions must necessarily be the same, whether the submission to arbitrators was in a case pending or not. The proceeding by garnishment was after the award, and before it was made the judgment of the Court ; and it is clear, as well upon the authority of the Massachusetts cases cited, especially the case of McCaffrey v. Moore, (18 Pick. R. 492,) which is in point, as upon the doctrine maintained in the case of Wallace v. McConnell, the defendant in the award and judgment thereon rendered in the District Court, could not be charged as garnishee upon the process issued from the Justice's Court. If the garnishment could have been interposed in any manner, to preclude or postpone the rendition of judgment upon the award, it was not done or attempted. The judgment was rightly rendered upon the award. And the Court did not err in holding it valid and obligatory, notwithstanding the judgment rendered by the Justice in the matter of the garnishment. However that judgment might embarrass the garnishee, it could not impair the force of the judgment of the District Court rendered upon the award. If the garnishee, in his answer, disclosed the proceedings in the District Court, it was error in the Justice to give judgment against him ; and if the plaintiff in the garnishment had sought to avail himself of the erroneous judgment to oppress the garnishee, the latter might have been driven to a proceeding by *certiorari*, to reverse the judgment of the Justice. And if it were not obvious that the controversy, both in the District Court and in this Court, is not between the plaintiff and defendant in the garnishment, but between the former and the assignee of the judgment, we might hesitate to affirm the judgment, in so far as it perpetuates the injunction as against the plaintiff. But he admitted the truth of the petition of the garnishee, in the District Court, and has

not questioned his right to equitable relief in this Court. He has not sought, nor does he ask, the manifest injustice of compelling the garnishee to pay his debt twice ; but only contests the right of the assignee of the judgment debtor. By his answer in the Court below, and in argument in this Court, he at least tacitly, and certainly very properly and justly, admits the right of the garnishee to have an adjudication between the contending claimants, and to be relieved from his liability to one of them. And as the answer admits the right of the garnishee to equitable relief; and he cannot have such relief by an injunction to restrain the judgment of the District Court, the injunction must be held to have been rightfully awarded against the judgment of the Justice.

In reference to the argument in behalf of the assignee of the judgment of the District Court, it may be observed that the assignment of the judgment has not, and in no event could it have had any influence upon the rights of the plaintiff in the garnishment, or in the decision of the case. If the garnishee could have been charged as such, a subsequent assignment by the judgment debtor would not have affected the plaintiff's right. But the garnishee, as we have seen, was not chargeable, as such, by this proceeding, under the circumstances of the case. And the judgment must therefore be affirmed.

Judgment affirmed.