JOHN WILLIAMS & another *vs.* WILLIAM W. BOARDMAN & trustees.

A county is not chargeable, in a trustee process, for compensation due to a juror and ordered to be paid from the county treasury.

TRUSTEE PROCESS. The county of Essex were summoned as trustees of the principal defendant, and the county treasurer, in his answer, disclosed that at the time of the service of the process he had received from the clerk of the superior court a certified copy of an order for the payment of the compensation due to certain jurors, amongst whom was the defendant; and the only question was, whether the county were liable to be charged in this process by reason thereof. The trustees were charged in the superior court, and appealed to this court.

*E. J. Sherman,* for the trustees.

*W. Howland,* for the plaintiffs, cited *Whidden* v. *Drake,* 5 N H. 13; Gen. Sts. *c.* 17, § 1; *c.* 142, § 1.

METCALF, J. The court are of opinion that a county is not chargeable, in the trustee process, for jurors' compensation for services. Their services are not rendered on any contract, express or implied, between them and the county, but are rendered compulsorily, on a summons from a court, and their

compensation is allowed by the court at which they attend, and is ordered by that court to be paid from the county treasury. What the law provides as their pay is neither goods, effects or credits, intrusted or deposited by them in the hands or possession of the county, within the meaning of the Gen. Sts. *c.* 142, § 21.

When one renders service to an individual or to a corporation on a contract, express or implied, the sum due to him therefor is held to be "credit" intrusted in the hands of his employer, who is chargeable as his trustee. But, to constitute the relation of trustee, there must be a privity of contract, express or implied, between the principal debtor in the trustee process and him who is sought to be charged as his trustee, unless there be a statute provision that renders such privity unnecessary. We can go no further than to charge a debtor as trustee of his creditor, when the debt or demand is the ordinary result of express or implied contract. 19 Verm. 136. 46 Maine, 295. And it is not on every such contract that a debtor is chargeable as trustee of his creditor. He is not so chargeable "by reason of a debt due from him on a judgment, so long as he is liable to an execution thereon." Gen. Sts. *c.* 142, § 31. This is a sanction, by express enactment, of the early decisions to the same effect in *Sharp* v. *Clark*, 2 Mass. 91, *Howell* v. *Freeman*, 3 Mass. 121, and *Frankm* v. *Ward*, 3 Mason, 136. See also *Kidd* v. *Shepherd*, 4 Mass. 238; *Bailey* v. *Loud*, 46 Maine, 167. So, in England, under the law of foreign attachment by the custom of London, a sum due on a judgment, or judicial act, is not the subject of attachment. 1 Freem. 56, pl. 72. *Coppell* v. *Smith*, 4 T. R. 312. *Grant* v. *Hawding*, Ib. 313, *note*. *Caila* v. *Elgood*, 2 D. & R. 193. These adjudications proceeded on a principle which, in the absence of any contrary decision by this court, we think should be applied to the present case, namely, that the judgments and orders of a court are not to be contravened by the trustee process. The superior court allowed the compensation of the principal defendant, as juror, and ordered it to be paid from the county treasury, according to law, and his creditor cannot be permitted to intercept the payment.

This result makes it unnecessary to decide any other of the objections which were taken, in argument, to the plaintiffs' claim on the county                             *Trustees discharged.*