THAYER *v.* PRATT, PR., & KINGMAN, TR.

47   470
ᴐ68  410

After a verdict against a trustee in a suit by the principal debtor, the credit cannot be reached by the process of foreign attachment commenced after such verdict was rendered.

THE questions in this case arise on the disclosure of the said trustee, a copy of which is to be made a part of this case.

[COPY OF DISCLOSURE.]

Interrogations proposed by plaintiff's counsel to Marshall Kingman, sued as trustee of Robert W. Pratt.

Int. 1. Had you at the time of the service of the plaintiff's said writ upon you, or since, any money, goods, chattels, rights or credits of the said Robert W. Pratt in your hands or possession?

Ans. 1. I had not, unless I shall be adjudged chargeable under the following circumstances: Said Pratt commenced a suit against me which was entered in said court, October Term, 1863, and I understood that at the April Term, 1866, a verdict was rendered against me for $1604.37, and at the July Term of the Supreme Judicial Court, Law Term, judgment was ordered upon the verdict, but judgment has not been rendered, I am informed, on account of this trustee suit. I make these statements from information, and I desire the privilege of correcting them if they do not substantially agree with the records of said court. I have paid nothing in satisfaction of the said cause, Pratt v. me, and I suppose my liability in that suit will determine my liability as trustee in this one. Said suit, Pratt v. me, was founded on a promissory note signed by me as attorney, supposing I was acting for Warner E. Kingman, and not making myself liable, it being Warner E. Kingman's indebtedness.

Int. 2. Had you at the time of the service of the plaintiff's writ on you, or have you since had any knowledge of any assignment by said Pratt of his claim against you in said suit, or any interest therein.

Ans. 2. I had not, nor have I since had any knowledge of such assignment.

MARSHALL KINGMAN.

CHESHIRE ss., August 31, 1867. Personally appeared Marshall Kingman and made oath that the above disclosure by him subscribed, is true.                     Before me,

EDWARD FARRAR, *Justice of the Peace and Commissioner.*

*Cushing,* for plaintiff.

The trustee discloses that he is indebted to the principal defendant by promissory note. The statute provides for such a case, prescribes the mode of ascertaining whether the note has been negotiated, and declares that if it has not been negotiated before the service of the process of the

trustee, he shall be charged as such, and that by these proceedings his liability on the note shall be discharged.

All these provisions are peremptory and unqualified. Can their effect be annulled by the fact that an action is pending in the same court against the trustee which has gone to a verdict, but in which no judgment has been rendered? It was formerly held that the commencement of an action by the principal defendant against the trustee before the service of the trustee process, was a bar to it; and at least one instance has come within our knowledge where a person in failing circumstances caused actions to be commenced against all his debtors, in order to deprive his creditors of the benefit of the process. This doctrine has silently been abandoned, and it is now held that the trustee may be charged notwithstanding the action pending against him, provided he can avail himself of the defence.

Now we suppose that in any stage of the action, it may be barred by matter arising since the last step in the proceedings, and it is certainly in the power of the court to protect the trustee in this case if he should be charged. We are unable to see any good reason why the principal debtor in this case should be permitted to withdraw this fund from the plaintiff's attachment in contravention of the direct and positive provisions of the statute.

*Wheeler & Faulkner*, for defendant.

Wheeler & Faulkner, in behalf of Obadiah Sprague, who, as assignee of the suit in favor of Pratt against Kingman, claims the funds disclosed by the trustee in this suit, submit the following brief:

The case should be so amended as to present the following additional facts, viz: that the trustee process was not commenced until after judgment upon the verdict was ordered; and Kingman was not an inhabitant of this State. The date of the writ in this case was Oct. 2, 1866, and service was made the same day on Kingman, who is described in the writ as "of Dubuque, in the State of Iowa."

With these amendments, we claim that Kingman cannot be held as trustee of Pratt in this suit.

1. The proceedings in *Pratt* v. *Kingman*, before the commencement of this suit, had passed the stage where, if Kingman should be charged as trustee of Pratt in this, he could present that fact, either in pleading or in evidence, in answer to the suit against him in favor of Pratt. Where the defendant in one suit is sought to be charged in another as trustee of the plaintiff in the first suit, the test must always be, whether, if charged, he can show that fact in discharge of his liability in the other suit.

In Massachusetts, under statutory provisions similar to our own, it is held, that, after issue joined, the debtor in one suit cannot be held in another suit as the trustee of the creditor. *Kidd* v. *Shepherd*, 4 Mass. 238; *Howell* v. *Truman*, 3 Mass. 121; *McCaffrey* v. *Moore*, 18 Mass. 492; Cushing's Trustee Process, secs. 190, 191.

In this State it is well settled, that, after a verdict, the debtor in that

action cannot be charged in another suit as the trustee of the plaintiff. *Foster* v. *Dudley*, 30 N. H. 463.

2. Kingman, being an inhabitant of another State, and having no property of Pratt in his possession, and not being holden upon any debt, or contract, to be paid, or performed, in this State, is entitled to a discharge upon that ground alone. *Jones* v. *Winchester*, 6 N. H. 497; *Clark* v. *Wilson*, 15 N. H. 151; *Savage* v. *Thompson*, 24 N. H. 510; *Lawrence* v. *Smith*, 45 N. H. 533.

BELLOWS, J. It is decided in *Foster* v. *Dudley*, 30 N. H. 463, that a trustee may be charged in foreign attachment, though an action be pending by the principal debtor against the trustee, provided the trustee has still an opportunity in that action, to plead the recovery in the trustee process; but if that process be commenced after the suit by the principal debtor has passed the stage where a recovery in the trustee process could be pleaded, the trustee cannot be charged; and it was accordingly held that where, at the time the trustee suit was commenced, a verdict had been rendered in the suit of the principal debtor, although there had not been judgment thereon, the trustee could not be charged.

This stands upon the ground, that, as the statute provides for the discharge of the trustee for so much as may be taken from him under this process, and empowers him to give the matter in evidence in a suit by the principal debtor, it must have been contemplated that he would be charged as such trustee only in cases where an opportunity remained to set up such matter in discharge; otherwise he might be twice charged for the same debt, which could not have been intended.

In Massachusetts, under a law much like ours in this respect, it is held, that, if the trustee suit be brought after issue has been joined in the suit by the principal debtor, the trustee cannot be held; the court, *Parsons*, C. J., holding that the effects in the hands of the trustee must be attached under such circumstances as will enable him to plead the attachment in bar of the action of the principal, so that he may defend himself at law, and not rely on a relief to be granted by the judge at his discretion. *Kidd* v. *Shepherd*, 4 Mass. 238. So the court refused to charge the trustee, when, at the time he was summoned as such, the referees in an action by the principal debtor against him, had agreed on their report, upon the ground that no day for pleading remained for the trustee, and the law furnished him with no legal defence against the demand of the principal. *Howell* v. *Freeman & Tr.*, 3 Mass. 121. The same doctrine is announced in *McCaffrey* v. *Moore & Tr.*, 18 Pick. 492.

This doctrine is recognized in *Thorndike* v. *De Wolf*, 6 Pick. 122, where the court is inclined to think it would have been better originally that the commencement of the suit by the principal against the trustee should have exempted him from the trustee process.

In our own State it was for a long time understood that a trustee could not be charged in a process of foreign attachment commenced during the pendency of a suit by the principal debtor against such trustee to recover the same property. It was so expressly decided in 1832, in

*Burnham* v. *Folsom*, 5 N. H. 566, where the cases were fully considered. The decision was put upon the ground that the provision in the statute for the discharge of the trustee for the sums taken in that process, limited the broad language of the other section, and confined the liability of the trustee to cases where the property in his hands is so situated that he can detain it against the will of the principal, and avail himself of a payment to the creditor of the principal, as a defence to any suit brought by the latter.

It is said, also, in this case, that in England it seems always to have been held that there cannot be an attachment of a debt for which a suit in a superior court is already commenced; and so it is laid down in Com. Dig. Tit. Foreign Attachment D.; and it was so held in *Babington* v. *Babington*, Cro. Elis. 157, and *Humphrey* v. *Barnes*, Cro. Elis. 69, where it is said, that, while the suit is depending, the credit is *quasi custodia legis*, and cannot be meddled with by another. See, also, *Gridley* v. *Harraden*, 14 Mass. 496.

Before the cases of *Foster* v. *Dudley*, 30 N. H. 462, before cited, we think the doctrine of *Burnham* v. *Folsom* was received as the law, and was supported by respectable authorities. This case, and the authorities cited therein, seem not to have been adverted to in the opinion in *Foster* v. *Dudley*, and it is possible, although not very probable, that they were overlooked.

The doctrine of this case, however, is explicit that a credit cannot be attached after a suit by the principal debtor has passed the stage when a recovery in the trustee suit could be pleaded; and we are not disposed to extend it. We are rather inclined to hold, as in *Kidd* v. *Shepherd*, 4 Mass. 238, that such attachment cannot be made after the suit of the principal debtor has gone so far that the defendant could not, as matter of right, plead the recovery in the trustee suit. Our statute must be construed in reference to existing remedies, and we are aware of no practice that will justify setting aside a verdict that has been fairly and properly rendered, to let in a defence arising afterwards.

With these views the

*Trustee must be discharged.*