LOUIS HAFLIN ET AL. V. NIX & STOREY.

(No. 2232.)

APPEAL from Caldwell County. Opinion by WILLSON, J.

*(Transferred from Austin.)*

THOS. MCNEAL, J. F. CAHILL, and WALTON, HILL & WALTON, counsel for appellants.

NIX & STOREY, counsel for appellees.

§ 203. *Garnishment; judgment in district court not subject to garnishment in county court; case stated.* One of the appellants, Levyson, being indebted to appellees,

they sued him in the county court and garnished one Wells, against whom Levyson had recovered a judgment in the district court. Prior to the garnishment, Levyson had transferred the judgment against Wells to appellants, the two Haflins, and said Haflins and Levyson were made parties in the garnishment suit at the instance of both parties. Appellees recovered judgment against Wells, the garnishee, for the amount of their debt against Levyson, and against all the appellants for costs. There is but a single question in the case necessary to be determined, which is, can a judgment rendered in the *district* court be reached by the process of garnishment issued from the *county* court? *Held:* We are not aware that this precise question has ever been determined in this state. It was referred to, but not decided, in Miller v. Taylor, 14 Tex. 538, in which case it is said, "It has been made a question whether a judgment debtor can be charged as garnishee of the judgment creditor. . . . The better opinion, upon authority and reason, seems to be that he can. But it has been said that the force of the reasons in support of this conclusion is lost when the judgment is in one court and the garnishment in another. The observation may, perhaps, be just, if the latter court is a court of a different and inferior jurisdiction; but upon that point it is not necessary to express an opinion." Mr. Drake, in his work on Attachment, after stating that a judgment is subject to garnishment in the same court in which it was rendered, says: "However strongly these reasons apply to the case of a garnishment of a judgment debtor in the same court in which the judgment was rendered, their force is lost when the judgment is in one court and the garnishment in another. There a new question springs up, growing out of the conflict of jurisdictions which at once takes place." And the author concludes that such a garnishment cannot be maintained. [§ 625.] In the more recent work of Mr. Wade, on Attachment, it is said: "If the statute does not provide that the judgment of one court can be attached by garnishment issuing

out of another court, it cannot be done. If the statute authorizes 'those indebted' to be summoned as garnishees, and the inevitable result of charging a judgment debtor would be that, while he would be bound by the judgment against him as garnishee, he would still be exposed to execution on the original judgment, it would be a reasonable inference that judgment debts were not contemplated by the legislature when the general language of the statute was used." [2 Wade on Attach. § 498.] Our statute contains no provision expressly authorizing the garnishment in one court of a judgment rendered in another. The judgment against the garnishee in the county court would not *ipso facto* discharge the original judgment against him rendered in the district court. Execution could issue against him upon both judgments, and he would thus be subject to two judgments for the same debt, at the same time. The provision of our statute protecting the garnishee from further liability upon the original indebtedness does not seem to embrace protection against an indebtedness by judgment. In such case he would have to seek protection by an equitable proceeding in the forum of the original judgment. [R. S. art. 220.] We conclude from the authorities that the judgment of a district court is not subject to the process of garnishment issued from a county court, the latter being a court of a different and inferior jurisdiction to that of the former, and because the judgment in the latter would not discharge the judgment in the former, thus leaving the garnishee subject to two judgments at the same time for the same debt.

December 8, 1886.           Reversed and dismissed.