### JAS. G. BURKE ET AL. V. W. B. HANCE.

No. 2815.

1. **Garnishment of Debt in Suit.** — During the pendency of a suit against a debtor by his creditor in one court the debtor can not be compelled to defend, as garnishee, a suit in a different court by one seeking a judgment against him for the same debt.

2. **Same—Defense by Garnishee.**—It ought to be held a complete defense for one to answer the pendency of a suit for the same debt in any other court where he may be cited to answer for it as garnishee.

3. **Case in Judgment.**—Burke obtained a judgment in the District Court against Hance, who appealed the case. Pending the appeal Chimene obtained judgment against Burke before a justice of the peace, and caused a writ of garnishment to be served upon Hance. Hance answered, denying his indebtedness to Burke, set out the condition of the judgment in District Court, etc. The justice of the peace, however, gave judgment against Hance as garnishee. The appeal by Hance to Supreme Court was not successful, the judgment below having been affirmed. Execution issued upon this judgment, as well as upon the Chimene judgment. Injunction was sought to restrain the collection of the latter. Chimene reconvened. *Held:*

1. It was the duty of Hance when garnished to plead the pendency of the former suit, which plea should have been held sufficient.

2. Upon the failure of the justice of the peace to recognize his defense the case should have been appealed so that the law might be administered.

3. Having failed to appeal from the judgment of the justice of the peace, such judgment remains valid, and Hance can not by injunction prevent its collection.

4. Nor was Chimene authorized to intervene or reconvene in the injunction suit; his remedy is by proper process from the Justice Court to collect his judgment.

4. **Proceeds of Sale of Exempt Property.**—A judgment for damages for the conversion of personal property was rendered. The record did not show that all the converted property was exempt. In defense of garnishment proceedings against the judgment, *held*, that while a judgment for damages for the seizure, etc., of exempt property would not be subject to garnishment, yet the rule could not be invoked when the record disclosed that value of other property than exempt entered into the judgment.

5. **Garnishment of Judgment.**—It seems that after the termination of all proceedings in the suit a judgment may be reached by garnishment.

APPEAL from Galveston. Tried below before Hon. Wm. H. Stewart. The opinion states the case.

*W. B. Denson,* for appellants. — 1. If there were valid judgments in the Justice Court of Harris County against the complainant, who resided in Galveston County, it was because he had voluntarily submitted himself to its jurisdiction and colluded with the plaintiff therein, A. Chimene, to have judgments rendered against him, and he can not in equity ask to be protected against such a judgment.

2. It appears from said bill and the exhibits attached thereto that a judgment rendered in the District Court of Galveston County, Texas, was sought to be reached by a process of garnishment from an inferior court, to-wit, from a Justice Court of Harris County, which is contrary to law; and said judgment against the garnishee is without authority of law. Miller v. Taylor, 14 Texas, 538; Haflin & Co. v. Nix & Story, 3 Ct. App. C. C., sec. 203; Trowbridge v. Means, 5 Ark., 135; Drake on Att., sec. 625; 4 Mass., 170; 2 Wade on Att., sec. 498; 3 Mason, 136, 137; Wallace v. McConnell, 13 Pet., 144; 2 Woods, 669.

3. The judgment of the court is contrary to the law and evidence in this: The property for which the judgment of the District Court was obtained consisted of that which was exempted by law from seizure, forced sale, and garnishment to J. G. Burke as a head of a family, and the judgment in lieu of such exempt property was not liable to be taken by the proceedings of garnishment instituted by the intervenor A. Chimene, either as Burke's or his assignees' property. Whittenberg v. Lloyd, 49 Texas, 640; Watkins v. Davis, 61 Texas, 416; Schneider & Bro. v. Bray, 59 Texas, 672; 37 Vt., 26; 45 Mich., 41.

*Wharton Branch,* for appellee. — 1. Burke could not attack the judgments against Hance as garnishee collaterally; his remedy, if any, was by suit to set aside the judgments, or he should have appeared and resisted the rendering the judgments of garnishment. McLaury v. Miller, 64 Texas, 381.

2. Hance having shown to the Justice Court of Harris County that

they were attempting to garnishee a judgment in the District Court of Galveston County, and having made there the same defenses that appellees set up here, the judgment of garnishment became final and is the law in this case, no matter how the general rule as to garnishing judgment may apply in other cases.    Fitch v. Boyer, 51 Texas, 336; Hatch v. De la Garza, 22 Texas, 176.

3.    Hance had two strong equities—first, to offset and reduce the .amount he owed Burke to the amounts Burke owed him; and, second, not to pay twice the amount of Burke's judgment, transferred by process ·of law to Chimene, and also pay the same over to Burke or parties he had .agreed to transfer to.    Townsend v. Quinan, 47 Texas, 1; Simpson v. Huston, 14 Texas, 476; Wright v. Treadwell, 14 Texas, 255; Duncan v. Bullock, 18 Texas, 541; Parrott v. Underwood, 10 Texas, 48.

HENRY, Associate Justice.—About the year 1886 James G. Burke brought suit in the District Court of Galveston County against W. B. Hance to recover damages for personal property wrongfully taken and ·converted by said Hance.

On the 18th day of February, 1888, Burke recovered judgment for the .sum of $604.16.    This judgment was afterwards affirmed by this court. The record before us and the report of the former case show that it was brought here by appeal.    (73 Texas, 62.)

One A. Chimene had recovered against Burke two judgments in a Justice Court in Harris County.

On the 3d day of March, 1888, Chimene sued out against Hance writs ·of garnishment, which were served upon him in Galveston County, where he resided.

On the 23d day of March, 1888, Hance answered the writs, denying in general terms that he was indebted to Burke, and stating specially the fact and the date of the recovery of the judgment against him in the District Court of Galveston County, adding:    "But respondent says said judgment is utterly unjust, and will be immediately removed by writ of error from said District Court to the Supreme Court of the State, and that respondent is legally advised and firmly believes that said judgment will be duly reversed by said Supreme Court, and the case on which it was rendered be remanded for another trial, at which trial respondent is legally advised and firmly believes he will wholly defeat the unjust .and iniquitous claims upon which said Burke recovered judgment.

"Further, respondent says that he now has pending in the District Court of Galveston County a suit against said James G. Burke for damages in the sum of $5000, for which amount he expects to recover judgment against said Burke at the ensuing April Term of said District Court. Wherefore respondent says said Burke is indebted to respondent in excess of any indebtedness respondent may possibly be under to said Burke,

in case the judgment referred to in favor of said Burke shall be affirmed by the Supreme Court."

On April 30, 1888, judgments were rendered in the Justice Court in favor of Chimene and against Hance in both of the cases. Hance failed to appeal or take any other steps to relieve himself from these judgments.

Execution having been issued upon the judgment in favor of Burke, and levied upon the property of one of the sureties of Hance upon his appeal bond, this suit was brought by Hance to enjoin further proceedings under said execution, and among other things setting up the rendition of said judgments against him as garnishee as a cause why said execution and the judgment on which it issued should not be collected. The petition charges that said judgments are unpaid, and amount to the sum of $486.12.

It is further charged that executions on said justice's judgments have been issued and are in the hands of the sheriff of Galveston County for collection. The petition complains that said justice's judgments ought to be credited on said Burke's judgment, and that plaintiff ought to be protected from a double payment, and prays that defendant Burke be cited to appear and show cause why the amount of said justice's judgments should not be paid to Chimene.

W. B. Denson intervened, and alleged and proved that in the year 1886 Burke transferred to him one-half of his claim against Hance. He also alleged an additional interest in it; and another intervenor (Halsey) alleged an interest in the whole of the claim that was in excess of the amount claimed by Denson. Chimene also intervened and adopted the allegations and prayers of plaintiff's petition.

The court rendered judgment in favor of Denson for one-half of the amount of the judgment recovered by Burke against Hance, and in favor of Chimene for the balance of it, less $25.20, appropriated to the payment of costs.

The sureties of Hance had paid the money into court. Burke and the intervenors Denson and Halsey prosecute this appeal.

The only question that is presented to us for decision relates to the judgment in favor of Chimene. It is said that "a negligent garnishee is no more entitled to protection than any other negligent party, and he is as much bound to look after the proceedings against him and protect himself from an improper judgment as a defendant in an ordinary suit. If by his failure in this respect the plaintiff gain an advantage over him he is without relief." Drake on Att., sec. 6582.

In the case of Miller v. Taylor, 14 Texas, 538, Miller had a judgment in a Justice Court against Hall. Subsequently there was a proceeding by arbitration between Leaverton and Hall, in which a judgment for money was rendered in the District Court against Leaverton and in favor of Hall, which was subsequently transferred by Hall to Taylor. During the pend-

ency of the arbitration proceeding, Miller sued out a writ of garnishment. against Leaverton. Leaverton answered as garnishee after judgment. against him had been rendered in the District Court in favor of Hall, and on his answer another judgment against him in favor of Miller was rendered in the garnishment suit. Miller and Taylor were both proceeding to enforce their judgments, and Leaverton brought suit for an injunction and to compel them to interplead, he bringing the amount of the debt. into court.

Wheeler, J., said: " The first and principal question to be determined is whether the garnishee could be held liable under the circumstances of this case upon the process issued from the Justice Court, and the better opinion upon authority seems to be that he could not, by reason of the proceeding pending in another court, not of a concurrent but of a different jurisdiction, at the time of suing out the process against the garnishee.

" It has been made a question whether a judgment debtor can be charged as garnishee of the judgment creditor, and on this point there has been a conflict of opinions and decisions. But the better opinion upon authority and reason seems to be that he can. * * * The court did not err in holding the judgment (on the award) valid and obligatory, notwithstanding the judgment rendered by the justice in the matter of the garnishment. However that judgment might embarrass the garnishee, it could not impair the force of the judgment of the District Court rendered upon the award. If the garnishee in his answer disclosed the proceedings in the District Court, it was error in the justice to give judgment against him, and if the plaintiff in the garnishment had sought to avail himself of the erroneous judgment to oppress the garnishee, the latter might have been driven to a proceeding by certiorari to reverse the judgment of the justice." This court held that the money was rightly awarded to the assignee of the plaintiff in the District Court judgment.

In the case of McRee v. Brown, 45 Texas, 503, it appears that McRee, as surviving partner of A. B. James & Co., sued Brown for debt in the United States Circuit Court. Ireland had a judgment against McRee in the County Court of Guadalupe County.

Ireland sued a writ of garnishment out of the County Court and caused it to be served on Brown, who answered, admitting an indebtedness to McRee, on which answer Ireland took judgment against Brown as garnishee, and Brown paid the judgment. Judgment was also rendered in the Circuit Court in favor of McRee against Brown, and he paid that, too. Afterwards he sued McRee to recover back from him the money paid on his judgment.

In the opinion rendered by this court it is said:

" But though Brown, as he alleges, has paid the same debt twice, it may be questioned whether he has taken the proper course or applied to the proper tribunal for relief. From the statement of facts incorporated

into and forming a part of the judgment it seems that his debt to James & Co. was one for which he was jointly liable with Mayfield and Cotton. If it was a partnership debt, it is held in many courts that he could not be forced to pay it on a separate writ of garnishment, and if he has done so without a proper effort to protect himself he is not entitled to relief.

"It is not shown whether the writ of garnishment by Ireland was served before or after the bringing of the suit in the United States Court. If it was afterwards, it seems to be held by the Supreme Court of the United States (Wallace v. McConnell, 13 Peters, 136) that the garnishment can not arrest the suit or preclude the plaintiff from recovering judgment in that court, nor can the garnishee protect himself by the garnishment *puis darrein* continuance. And if Brown was entitled to relief against the last judgment, it may also be well questioned whether he should not have gone to the court rendering the judgment to obtain it."

We think these cases sufficiently announce the doctrine that during the pendency of a suit against a debtor by his creditor in one court the debtor can not be compelled to defend, as garnishee, a suit in a different court by one seeking a judgment against him for the same debt.

There are, at least, some defenses which the garnishee is required to assert in all cases when they exist, and still others that he is required to make known when they are known to him. We think the rule is a just one that relieves him from asserting his defenses against the same debt in different courts at the same time; and when a suit is pending in the name of his creditor for the debt, it ought to be held a complete defense for him to answer the pendency of such suit in any other court where he may be cited to answer for it as garnishee. The rule is a useful one, too, to prevent confusion in jurisdictions and multiplicity of suits, and to preserve the substance instead of the shadow and form only of litigation to the court that first acquired jurisdiction.

In the matter before us the defense which was proper and necessary for his protection was pleaded by Hance, the garnishee. The defense was disregarded by the justice of the peace.

It was the duty, as well as the right, of Hance to pursue such remedies, by appeal or otherwise, as the law furnished him with, to relieve himself from the erroneous judgment. That he did not do so furnishes no reason for his being relieved in the manner now sought by him. If he had properly defended the garnishment suit no judgment against him could have been maintained. If defended properly the law would not have permitted the plaintiff in the garnishment suit to prevent or interfere with the collection of his debt by Burke in his prior suit. Hance and not Burke must be charged with the consequences of the negligence of the former.

Whatever legal rights Chimene acquired by his judgments against

Hance as garnishee must be pursued by appropriate process against Hance. He has shown no right to intervene or recover in this cause, and for the error in allowing him to recover any sum the judgment must be reversed.

It is insisted that as the property converted by Hance, and for which the judgment in favor of Burke was rendered, was exempt from forced sale, the judgment recovered by Burke is protected also.

If the evidence showed that the judgment was rendered for the seizure of exempt property, we think the proposition contended for would be correct; and if that fact was known to the garnishee it would be his duty to plead it.      The evidence shows that all of the property on account of which Burke sued Hance was not exempt from forced sale, and as there is nothing to show how much of the judgment proceeded from exempt property, that principle can not be applied in this case.      It is not our purpose to decide that a judgment final in the courts of this State, when all proceedings in the suit in which it was rendered, whether original or appellate, are at an end, is not subject to garnishment in other suits pending in the courts of this State, without regard to any question of inferiority of the courts.

While authorities conflict on the question, we are of the opinion that they are subject to garnishment in such cases by writs sued out after the termination of all proceedings.

Such other questions as may arise in the trial of this cause, if any such there be, are not before us in a way that we can pass upon them.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered February 11, 1890.