**ALEXANDER et al. v. BERKMAN et al.**

(No. 609.)

Court of Civil Appeals of Texas. Waco.
Dec. 22, 1927.

Rehearing Denied March 1, 1928.

1. Garnishment ⟜40—Fund or liability, to be subject to garnishment, amount thereof must be capable of ascertainment at time of filing garnishee's answer.

In order that a fund or liability be subject to garnishment, the amount thereof must be capable of ascertainment, at least at the time of filing the garnishee's answer.

2. Garnishment ⟜36, 44—Neither legacy nor judgment in which it was merged were subject to writ of garnishment pending appeal from judgment.

Where, at time garnishee filed answer in garnishment proceeding involving legacy under will, there was an appeal pending from judgment in favor of legatee, neither legacy nor judgment in which it was merged were subject to writ, since right to recovery on amount thereof did not become certain until judgment became final by affirmance on appeal.

3. Garnishment ⟜146—Garnishee's subsequent amended answer after affirmance of judgment sought to be reached did not affect rights of prior assignees of judgment (Rev. St. 1925, art. 4087).

Where original answer of garnishee in garnishment proceedings was filed pursuant to Rev. St. 1925, art. 4087 pending appeal from judgment in debtor's favor, subsequent filing of amended answer by garnishee setting up affirmance of judgment after debtor had assigned judgment held not to affect rights of assignees, since service of writ of garnishment was ineffective to impound funds sought to be reached, and same were subject to assignment by debtor.

---

On Motion for Rehearing.

**4. Executors and administrators ⊕⇒7—Independent executor has right, in administration of estate, only to do acts which could be done if acting under control of court (Rev. St. 1925, arts. 3437, 3449, 3531–3533).**

Independent executor is not a law unto himself, having right in administration of estate to do without an order of the county court every act which he could do with such an order were he acting under control of such court, and is required to conform to provisions of Rev. St. 1925, arts. 3437, 3449, 3531–3533, relative to administration of estates.

**5. Executors and administrators ⊕⇒289—"Legacy" is gift not payable until after payment in order of priority of debts and expenses of administration.**

A "legacy" is a gift by testator and not a debt against the estate, and is not payable until all debts and expenses of administration are satisfied, and then in proper order of priority.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Legacy.]

**6. Garnishment ⊕⇒40—Demand of legatee under will dependent on adverse claims held not liquidated as affecting right of garnishment before judgment determining amount due (Rev. St. 1925, arts. 3598, 3601, 3606, 3607).**

Demand of legatee under will against independent executor, dependent on disposition of adverse claims asserted by others, *held* not liquidated prior to judgment pursuant to action under Rev. St. 1925, arts. 3598, 3601, 3606, 3607, authorizing court on application of interested person to fix amount due each distributee and order of payment thereof, and hence was not subject to garnishment.

**7. Executors and administrators ⊕⇒314(1)—Partition ⊕⇒14—Legatee had right, after one year from grant of letters to independent executor, to institute action for partition and distribution.**

Legatee under will had right, at expiration of one year from grant of letters to independent executor, to institute an equitable action for partition and distribution in district court.

**8. Garnishment ⊕⇒40—"Liquidated" demand" subject to garnishment is one with amount due fixed by law or ascertained and agreed on by parties.**

"Liquidated demand," subject to garnishment, is one where amount due is fixed by law or has been ascertained and agreed on by parties, and it appears not only that something is due but how much is due.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Liquidated.]

**9. Garnishment ⊕⇒35, 36—Neither legacy nor distributive share is subject to garnishment prior to order of distribution or settlement of estate.**

When an estate is being administered in probate court, in the absence of express statutory authority, neither a legacy nor distributive share is subject to garnishment prior to an order of distribution or settlement of estate.

**10. Executors and administrators ⊕⇒7—Independent executor has right to have conflicting claims adjudicated in action to which all claimants are made parties.**

Independent executor is not required to decide conflicting claims at his peril, but has a right to have such claims adjudicated in an action to which all claimants are made parties, and is not required to litigate such issue with garnishing creditor in one suit and with legatees and other claimants of funds in another suit.

**11. Garnishment ⊕⇒36—Funds in hands of independent executor are not subject to garnishment previous to ascertainment of available fund and basis of participation.**

Independent executor becomes, in contemplation of law, the personal debtor of legatee only after available fund is definitely known and several claimants entitled to participate therein and basis of participation of each are known with reasonable certainty, and funds in his hands are not subject to garnishment previous to such time.

Stanford, J., dissenting.

Appeal from District Court, McLennan County; Sam R. Scott, Judge.

Suit by the First National Bank of Waco against Mrs. Ray W. Goldberg and others, wherein J. Berkman was made garnishee, and wherein James P. Alexander and T. E. Haney intervene. From the judgment, James P. Alexander and others appeal. Reversed and rendered.

Jas. P. Alexander, of Waco, for appellants.

W. L. Eason and Allan D. Sanford, both of Waco, for appellees.

GALLAGHER, C. J. The First National Bank of Waco, one of the appellees herein, sued Mrs. Ray W. Goldberg, Sophia Goldberg, and Ida Mae Bornstein (née Goldberg), and her husband, Stanley L. Bornstein, on a promissory note for the principal sum of $1,215, with interest and attorney's fees alleged to have accrued thereon. A writ of garnishment was sued out in said cause against appellee Berkman individually and as independent executor of the estate of Mary G. Goldberg Thomas, deceased, and served on him on the 12th day of September, 1925. Said writ commanded said garnishee to appear on the 5th day of October, 1925, the same being the first day of the ensuing term of said court, and answer what, if anything, he was indebted to said several defendants both in his individual capacity and as executor of said estate. Since the indebtedness of the garnishee to Mrs. Bornstein is the only issue involved in this appeal, further reference to the other parties defendant in the original suit may be omitted.

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The garnishee filed his answer in said cause on October 6, 1925, appearance day of said term. In said answer he denied being individually indebted to Mrs. Bornstein in any sum whatever. He further answered that Mrs. Bornstein, on September 8, 1925, in a certain cause entitled Ida Mae Goldberg et al. v. J. Berkman et al., pending in said court, and numbered 27441 on the docket thereof, recovered a judgment against him, the said garnishee, as independent executor of the estate of Mary G. Goldberg Thomas, deceased, in the sum of $1,000, and made the judgment in said cause a part of his said answer. He further set out in said answer that motion for new trial in said cause had been filed and overruled on October 3, 1925, and that notice of appeal had been given by Morris Thomas, one of the parties to said suit. The original petition in said cause No. 27441 shows that the same was a suit brought by Mrs. Bornstein and husband and other legatees under the will of Mrs. Thomas, against said Berkman as independent executor of said will and the remaining legatees thereunder, and against Morris Thomas, the surviving husband of said testatrix, for partition and distribution of her estate. The answer of the defendant Berkman in said cause made the will of Mrs. Thomas, a copy of which was attached thereto, a part thereof. The will of said Mrs. Thomas was made by her while she was Mary G. Goldberg and before her marriage to said Thomas. By the terms thereof she bequeathed to Mrs. Bornstein and thirteen others specific legacies amounting in the aggregate to $8,000. She bequeathed the residue of her estate to the Congregation Agudath Jacob, a religious corporation. Said answer showed that the entire estate which came into the hands of said executor consisted of seven promissory notes, the principal of which aggregated the sum of $8,687.50. Said answer further showed that said executor had collected two of said notes and various sums of accrued interest on all of the same, and that, after paying all costs and expense of administration, he had on hand in cash the sum of $2,465.92 and five of said notes still uncollected, the principal of which aggregated $6,687.50. Said executor in said answer further stated that he was willing that the estate remaining in his hands be partitioned among the parties entitled thereto, and asked the court to determine the several parties entitled to said funds and to order the same distributed according to their respective interests. He further stated that it was impossible to partition said notes in kind, and recommended that they be sold and the proceeds thereof partitioned. He further alleged that the defendant Morris Thomas was claiming some interest in the property in his hands, and asked that such claim be canceled. He further asked that his account as executor be approved, that he be allowed certain additional compensation, and that he be discharged from his trust. The pleadings of said Thomas are not found in the record, and the nature of his claim is not specifically stated, though the assertion of a claim on his part was also alleged by the plaintiffs in said suit.

The judgment of the court in said cause No. 27441, made a part of the garnishee's answer in this cause, recited that the several parties to said suit appeared in person or by attorney, and that said Morris Thomas, of the state of New York, by his duly authorized attorney, had entered an appearance and filed an answer therein and pleaded to the jurisdiction of the court, and that said plea was considered by the court and overruled. Said judgment further recited that the court, after hearing the evidence, found that said Morris Thomas had no interest in any of the property or funds in the hands of said executor, and divested him of all right, title, and interest therein and vested the same in said executor in his representative capacity, and canceled all claims asserted by said Thomas in or to any of said property. The court also found that the several parties to said suit were entitled to receive out of the proceeds of said property in the hands of the executor the respective amounts bequeathed to them by the will of the deceased Mrs. Thomas, and awarded to each of them, respectively, a judgment against the executor therefor. The court further appointed the executor a receiver of said notes, and authorized him as such to sell the same and report his action to the court. The court also, in said judgment expressly approved the acts of the executor. It may be further stated in this connection that said executor, acting as receiver under said order of the court, filed his report of the sale of said notes and the bill of costs incurred by him in making such sale, and the same were on the 3d day of October, 1925, duly approved by the court, and said receiver discharged. Said Morris Thomas, defendant in said cause No. 27441, filed his original motion for new trial therein on September 30, 1925, and his amended motion for new trial therein on October 3, 1925, which motion was overruled and notice of appeal given on said day, the same being the last day of that term of the court. Said Thomas in due time perfected his appeal by cost bond, and the judgment of the trial court in said cause was affirmed by this court on the 8th day of April, 1926. 283 S. W. 230. None of the other parties to said suit appealed from said judgment.

Mrs. Bornstein, by written assignment dated September 1, 1925, but not delivered until after the service of said writ of garnishment, assigned $250 of the legacy bequeathed to her by the will of Mrs. Thomas, to appellant James P. Alexander. Thereafter on the 23d day of March, 1926, she executed another instrument, assigning to appellant Alexander

the sum of $350 to be paid out of the judgment recovered by her against said executor in said cause No. 27441. It is conceded that the sum of $250 theretofore assigned to appellant Alexander is included in this latter assignment. Mrs. Bornstein thereafter, on the 27th day of March, 1926, assigned the remaining $650 of said judgment to appellant T. E. Haney. On the 1st day of May, 1926, appellants Alexander and Haney filed their plea of intervention in this cause, in which they set up their respective assignments as aforesaid, alleged that the proceeds of said judgment were not subject to garnishment, and prayed for recovery of the funds awarded to Mrs. Bornstein by the judgment in said cause No. 27441 and still remaining in the hands of said executor, the garnishee herein.

The garnishee on the 8th day of June, 1926, filed an amended answer in this cause, in which he alleged that the judgment of the trial court in said cause No. 27441 had been duly affirmed by the Court of Civil Appeals (283 S. W. 230) and that the mandate of said court had been filed in the trial court on the —————— day of May, 1926. He made appellants and Mrs. Bornstein and her husband parties to such garnishment suit, and prayed for service of process upon them and that he be protected from a double recovery.

Appellee bank on June 11, 1926, recovered judgment against Mrs. Bornstein for the sum of $1,473.13. This cause came on for trial in said court on the 5th day of August, 1927. The court having heard the evidence, rendered judgment in favor of appellee bank against the garnishee J. Berkman as independent executor of the estate of Mrs. Thomas, deceased, in the sum of $750, and in favor of appellant James P. Alexander against said garnishee for the further sum of $250. Appellant Haney was denied any recovery. Said judgment is here presented for review.

Opinion.

The principal issue to be determined is whether the legacy bequeathed to Mrs. Bornstein by Mrs. Thomas in her will, and afterwards merged into a judgment in her favor against the executor of said will in the decree for final partition and distribution of Mrs. Thomas' estate, was subject to garnishment either at the time of the service of the writ of garnishment herein or at the time the garnishee filed his answer on appearance day of the term of court to which said writ was made returnable. Appellants contend that the recovery awarded in said judgment was not subject to garnishment on either of said dates. Appellee bank contends the contrary. Since it is conceded that, if the recovery awarded to Mrs. Bornstein by said judgment was subject to garnishment on October 6, 1925, the date of the filing of the garnishee's original answer, the bank's rights as garnishing creditor attached, it will be sufficient to consider the status of such recovery at that time. Said recovery was part of a judgment approving the final account of the executor, establishing the rights of Mrs. Bornstein and the various other legatees in and to the funds in the hands of the executor, and awarding a recovery against him in favor of each party entitled to a specific legacy for the amount thereof, as stated in said will, and directing that the same be satisfied out of the funds in the hands of the executor, and awarding the residuary legatee a recovery for any and all surplus funds after discharging such specific legacies so recovered. Said judgment of which said recovery by Mrs. Bornstein formed a part also adjudicated the claim of Morris Thomas in and to said funds in the hands of the executor, declared the same invalid, and denied him a recovery thereon. According to the record in said cause No. 27441, the funds in the hands of the executor, after deducting the expenses and costs of suit incurred therein, were but little more than sufficient to discharge the specific legacies in full. Any substantial recovery by said Thomas would have reduced the amount of the estate in the hands of the executor to such extent as to make payment in full of each of said legacies impossible. It is therefore apparent that, until said judgment became final, the amount Mrs. Bornstein was entitled to receive by reason of the legacy so bequeathed to her and her recovery thereon against said executor was not conclusively determined, and the amount he was legally liable to pay her on that account necessarily uncertain.

[1, 2] In order for a fund or liability to be subject to garnishment, the amount thereof must be capable of ascertainment at least at the time of the filing of the garnishee's answer. Burke v. Hance, 76 Tex. 76, 13 S. W. 163, 165, 18 Am. St. Rep. 28; Darlington-Miller Lumber Co. v. National Surety Co., 35 Tex. Civ. App. 346, 80 S. W. 238, 240; Waples-Platter Grocery Co. v. Texas & Pacific Ry. Co., 95 Tex. 486, 488, 68 S. W. 265, 59 L. R. A. 353. There must be no condition precedent, no impediment of any sort between the garnishee's liability and the defendant in garnishment's right to be paid. Medley v. American Radiator Co., 27 Tex. Civ. App. 384, 66 S. W. 86, 89 (writ refused). Said judgment in cause No. 27441 being subject to appeal at the time of the filing of the garnishee's answer herein, and an appeal thereafter having been duly perfected, it was not final at the time of the filing of the garnishee's answer herein, in the sense that it finally and conclusively determined the right of Mrs. Bornstein to the payment of $1,000, or any other specific sum, out of the funds in the hands of the garnishee as such executor. Our Supreme Court, in Waples-Platter Grocery Co. v. Texas & Pacific Ry. Co., supra,

page 489 (68 S. W. 266), held that an uncertain demand, though liquidated and fixed by the terms of a judgment, did not become subject to garnishment until such judgment became final. We quote from the opinion in that case as follows:

"The demand being uncertain, is not made certain until the amount is fixed by a final judgment of the court—that is to say, a judgment not merely final in the sense that an appeal lies therefrom, but a judgment final in the sense that it has reached that stage in judicial procedure when it can neither be set aside nor reversed upon appeal. In the case of the Texas Trunk Railway Co. v. Jackson, 85 Tex. 605 [22 S. W. 1030] Chief Justice Stayton, speaking for the court, says: 'We are of the opinion that an appeal or writ of error, whether prosecuted under cost or supersedeas bond, during pendency deprives a judgment of that finality of character necessary to entitle it to admission in evidence in support of the right or defense declared by it; and from this necessarily follows the insufficiency of a plea in bar based on it.' In the case of Kreisle v. Campbell, 89 Tex. 104 [33 S. W. 852],' this question came before us upon an application for a writ of error, but, since the judgment was sustainable upon other grounds, we did not find it necessary to decide the point, and its determination was expressly waived. The Court of Civil Appeals for the Second District, however, in that case, held in accordance with our opinion. Same case [Tex. Civ. App.] 32 S. W. 581."

We therefore hold that neither said legacy to Mrs. Bornstein nor the recovery in her favor in which it was merged was subject to the bank's writ at the time the garnishee filed his original answer herein. See, also, Burke v. Hance, supra; Kreisle v. Campbell (Tex. Civ. App.) 32 S. W. 581, 582; Dodson v. Warren Hardware Co. (Tex. Civ. App.) 162 S. W. 952, 954; First State Bank & Trust Co. v. Blum (Tex. Civ. App.) 239 S. W. 1035, 1036. Her right to such recovery and the amount thereof did not become certain until said judgment became final by affirmance on appeal.

Appellee bank contends that the rule just announced does not apply in this case because the appeal from the judgment in said cause No. 27441 was perfected and prosecuted by Morris Thomas alone. We do not think such contention sound. The judgment denying any recovery whatever to Morris Thomas was a judgment in favor of Mrs. Bornstein to the extent that it determined that the funds out of which her recovery was to be satisfied should not be diminished by reason of the claims asserted by him, and in favor of the executor, absolving him from any liability to said Thomas with reference to such funds. Our Supreme Court in the case of Missouri, K. & T. Ry. Co. v. Enos, 92 Tex. 577, 580, 50 S. W. 928, said:

"But where the rights of one party are dependent in any manner upon those of another, it [the appellate court] will treat the judgment as an entirety, and, where a reversal is required as to one, it will reverse the judgment as a whole. * * * That a judgment against two or more parties which is appealed from by one may be reversed as to the one and affirmed as to the others, or may be reversed as a whole, according to the manifest justice of the case, we think the cases cited sufficiently show."

See, also, Hamilton v. Prescott, 73 Tex. 565, 567, 11 S. W. 548; Ferguson v. Dickinson (Tex. Civ. App.) 138 S. W. 221, 222, 223, and authorities there cited; Miller v. First State Bank & Trust Co. (Tex. Civ. App.) 184 S. W. 614, 619, 620.

The appeal of Morris Thomas conferred jurisdiction upon the Court of Civil Appeals to reverse the judgment of the trial court and to remand the cause for a retrial as between all the parties thereto, and deprived the judgment so appealed from of the finality required to make the defendant therein subject to garnishment on account of the recoveries there awarded against him.

[3] Appellee further contends that, because this suit was not tried until the judgment in said cause No. 27441 became final by reason of affirmance on appeal, and because such affirmance was set up by the garnishee in an amended answer, the recovery awarded it was proper and ought to be affirmed. The writ of garnishment served on the garnishee commanded him to appear and answer on the first day of the ensuing term of the court and to disclose in said answer what, if anything, he was then indebted to Mrs. Bornstein and what, if anything, he was so indebted at the time same was served. The statute (article 4087, Rev. St. 1925) required him to file such answer on or before the appearance day of said term of court. He complied with the command of the writ and the requirement of the statute. The service of the writ impounded any sum or sums owed by the garnishee to Mrs. Bornstein which were subject to garnishment either at the time of the service thereof or at the time of the filing of his answer. Gause v. Cone, 73 Tex. 239, 240–242, 11 S. W. 162; Gallagher v. Pugh (Tex. Civ. App.) 66 S. W. 118, 119, 120. The service of such writ did not impound any such sum or sums unless they were subject to garnishment at such time. Planters' & Mechanics' Bank v. Floeck, 17 Tex. Civ. App. 418, 43 S. W. 589–591 (writ refused); Medley v. American Radiator Co., supra; Shropshire v. Alvarado State Bank (Tex. Civ. App.) 196 S. W. 977, 979; Darlington-Miller Lumber Co. v. National Surety Co., supra. The answer of the garnishee, filed in pursuance of the writ and in compliance with the requirements of the statute, showed that the judgment in favor of Mrs. Bornstein had not become final, but was in process of appeal. Such appeal was subsequently perfected. The service of the writ of garnishment was therefore ineffective to

impound the fund sought to be reached, and the same was subject to assignment by Mrs. Bornstein. Waples-Platter Grocer Co. v. Texas & Pacific Ry. Co., supra; Kreisle v. Campbell, supra; Thompson v. Gainesville Nat. Bank, 66 Tex. 156, 158, 18 S. W. 350. She did assign the same before said' judgment became final and before the garnishee filed his amended answer. The validity of said assignments is not assailed except on the ground that the fund assigned had been impounded by the service of the writ of garnishment. We do not think the subsequent filing of an amended answer by the garnishee setting up the affirmance of said judgment, which affirmance occurred after such assignments had been made, could or did affect the rights of the said assignees. Medley v. American Radiator Co., supra.

The judgment of the trial court, so far as it awards a recovery against the garnishee in favor of the bank, is here reversed, and judgment is rendered that the bank take nothing herein, and that the appellant Alexander recover of the garnishee the sum of $350, and that appellant Haney recover of the garnishee the sum of $650, and that both the appellants recover their costs.

### On Motion for Rehearing.

Appellee First National Bank has filed herein a long and earnest motion for rehearing. Approximately nine-tenths of said motion is presented in support of appellee's contention that Mrs. Bornstein's claim, demand, or legacy was subject to garnishment at the time of the service of appellee's writ of garnishment herein. This issue was not stressed in our original opinion, because we considered that appellee's contention that such claim, demand, or legacy was subject to garnishment at the time of the filing of the original answer of the garnishee, by necessary implication included the same, and was, if anything, more tenable, since at that time the report of the executor, acting as receiver, of the sale of the assets belonging to said estate had been filed and approved, and the fact that the executor had in his hands sufficient funds to discharge all the legacies of the same kind and character as the one claimed by Mrs. Bornstein in full, was thereby established. Mrs. Bornstein and others had theretofore, on the 29th of May, 1925, instituted in the district court of McLennan county, Tex., Nineteenth judicial district, a suit in due and regular form for partition and distribution of the estate of Mrs. Thomas. All the legatees under her will were made either parties plaintiff or defendant in said suit, and the executor and Morris Thomas were also made parties defendant therein. On the 8th day of September, 1925, final judgment was entered in said cause, adjudicating the rights of all the parties thereto and appointing the executor a receiver to sell the assets belonging to said estate, which seemed to have consisted exclusively of secured notes, and to report such sale to the court for confirmation. Said judgment awarded Mrs. Bornstein a recovery of $1,000, to be satisfied out of the assets of said estate, same being the full amount of the legacy bequeathed to her in said will, and declared that Morris Thomas had no interest in the estate. Said judgment also awarded divers other parties recoveries, respectively, for legacies of the same class as Mrs. Bornstein's. The garnishment proceedings in this case were instituted on the 11th day of September, 1925, three days after the rendition of said judgment. Mrs. Bornstein's claim had therefore been, at the time said proceedings were instituted, reduced to judgment, and appellee sought by such proceedings to hold the garnishee liable as a judgment debtor. Appellee concedes that said judgment had not become final either at the time the writ was served or at the time the original answer of the garnishee was filed herein.

The case of Waples-Platter Grocer Co. v. T. & P. Railway Co., 95 Tex. 486, 487–489, 68 S. W. 265, 59 L. R. A. 353, was cited in our original opinion as the leading authority on which our holding was based. In that case one Downtain sued the Texas & Pacific Railway Company in the district court to recover damages for a breach of contract. Before the trial of that suit, Waples-Platter Grocer Company sued Downtain in the same court and caused a writ of garnishment to be served on the railway company. Downtain recovered a judgment against the railway company on the 28th of March, 1899, from which judgment the railway company appealed. Said judgment became final on February 17, 1900, when the Court of Civil Appeals overruled the railway company's motion for rehearing. The grocer company also sued out two additional writs of garnishment in its suit against Downtain, and caused them to be served on the railway company pending said appeal. On the day said judgment in favor of Downtain against the railway company was affirmed on appeal, he assigned the same to James & Hughes. Subsequent to all of the proceedings above recited, James & Hughes intervened in the garnishment suit, and the railway company, apparently by amended answer, asked the court to determine to whom it should pay said judgment. The trial court held that the grocer company acquired no rights by the service of any of its writs of garnishment and awarded the interveners James & Hughes, assignees of said judgment, a recovery for the amount thereof. The grocer company, garnishing creditor, appealed to the Court of Civil Appeals, and that court certified to the Supreme Court for determination the following questions:

"(1) Whether, pending said appeal therefrom, the said judgment in favor of Downtain

was subject to appellant's said writs of garnishment.

"(2) If not, whether the claim of the judgment debtor Downtain against the garnishee, Texas & Pacific Railway Company, as stated and shown in the agreed statement of facts, is a demand of such character as to be subject to garnishment even before the judgment which determined his rights thereon."

The Supreme Court answered both said questions in the negative, and incidentally approved a like holding of the Court of Civil Appeals in the case of Kreisle v. Campbell, 32 S. W. 581, 582. The effect of such holdings was to award the fund in controversy to the assignees instead of the garnishing creditor. Since that case involved a garnishment in the same court in which the judgment was rendered, and since the issues in that case were determined after the judgment garnished had become final, and apparently on an amended answer filed by the garnishee, appellee's contention that this case is affected by the fact that the same situation in these respects exists in this case is without merit. It therefore appears that, if this case is distinguished therefrom, it must be on the ground that the cause of action on which the judgment in favor of Mrs. Bornstein was rendered was subject to garnishment before the institution of her suit for partition and distribution, in which suit said judgment was rendered. Mrs. Thomas left a will, which was duly probated on the 26th day of May, 1924. Said will directed that all of her debts be paid, and then bequeathed general moneyed legacies to Mrs. Bornstein and eleven others, amounting in the aggregate to $8,000, and the remainder, if any, of her estate, to a religious corporation. Berkman was named in said will as independent executor and authorized to sell all the property belonging to the estate. He accepted the appointment, took charge of said estate, and proceeded to administer the same.

[4] Appellee stresses the fact that Berkman was an independent executor and that the estate of Mrs. Thomas was not being administered in the probate court. An independent executor is not a law unto himself. His "independence" consists largely in his right in the administration of such estate to do without an order of the county court every act which he could do with such an order, were he acting under the control of such court. Dwyer v. Kalteyer, 68 Tex. 554, 563, 5 S. W. 75; Ellis v. Howard Smith Co., 35 Tex. Civ. App. 566, 80 S. W. 633, 634 (writ refused). His management of the estate is an "administration" of the same in contemplation of the law, and for some purposes the estate remains all the while under the jurisdiction of the county court probating the will under which he is acting. Roy v. Whitaker, 92 Tex. 346, 355, 48 S. W. 892, 49 S. W. 367. An independent executor is required to conform to the provisions of our probate laws as far as

applicable. R. S. 1925, art. 3449. It is his duty to pay the debts of the testator and expenses of administration in the order of priority prescribed by articles 3531–3533 of the Revised Statutes 1925. If he does not do so, any creditor holding an unpaid debt against the estate may, after the expiration of one year, enforce payment thereof by suit against him and by a levy of execution on the property of the estate remaining in his hands. R. S. 1925, article 3437. This statute, however, presupposes the solvency of the estate, and cannot be invoked to give one creditor a preference over another of the same or higher class, contrary to the provisions of said articles of the statute, when the estate is insolvent. Farmers' & Merchants' Nat. Bank v. Bell, 31 Tex. Civ. App. 124, 71 S. W. 570 (writ refused).

[5-8] Appellee insists that the legacy due Mrs. Bornstein was a debt against the estate of Mrs. Thomas, and that it was a liquidated claim. A legacy is a gift by the testator and not a debt against the estate. 40 Cyc. 994. Legacies are divided by law into several classes, and priority of payment prescribed. Legacies cannot be paid until all the debts and expenses of administration are satisfied. They are then, if there are funds in the hands of the executor properly applicable to their payment, payable in their proper order of priority, and, if there be not sufficient funds to discharge all the legacies of the same class, such legacies must be paid pro rata. 2 Page on Wills, p. 2313, part of section 1390. In this case there were eleven other legacies of the same class as Mrs. Bornstein's, and the same, with the residuary legacy, disposed of the entire estate. There is therefore in this case a direct analogy between the legacy payable to Mrs. Bornstein and others in the same class and the distributive share of an heir at law in the estate of an intestate. Under the provisions of our probate law, after the expiration of a year from the granting of letters testamentary, the executor or any person interested in the estate may apply for an order of partition and distribution. Upon the hearing of such application, if the estate consists of cash or debts due the estate, the court shall fix the amount due each distributee and order payment thereof. R. S. 1925, articles 3598, 3601, 3606, and 3607. While Berkman, the independent executor in this case, had authority to collect the debts due the estate or to convert the same into money by a sale thereof if he could do so, and to voluntarily distribute the proceeds among the legatees in full payment or pro rata, as the funds available might permit, he had not done so. The reason therefor was probably in part at least the claim of Thomas, who is shown by the briefs and oral argument of counsel for both parties to have been the surviving husband of Mrs. Thomas.

While the record proper does not show the

nature of his claim, the briefs of the respective parties and argument of counsel show that he married the testatrix in the state of New York, that they lived together in that state from the time of their marriage until her death, and that he claimed that the laws of that state controlled the disposition of her personal estate, and that he was entitled to a material portion thereof notwithstanding the terms of her will. Until the claim asserted by him was adjudicated in some proceeding, binding alike on him and on the several legatees under Mrs. Thomas' will, the executor Berkman, could not act in the matter of distributing the estate except at his peril, which he certainly was not required to do. His failure to collect the notes due the estate or convert the same into money, they being incapable of partition in kind, and to distribute the proceeds, under such circumstances, did not render him personally liable for the payment of Mrs. Bornstein's legacy or authorize her to maintain a suit at law against him for the recovery thereof either individually or as executor of said estate. Mrs. Bornstein was not required, however, to await action by the executor in the matter of converting said notes into money and thereby ascertaining the amount to be distributed and its sufficiency to pay her legacy in whole or in part. Neither was she required to await action on his part in the matter of having the validity of the claim of the surviving husband adjudicated. She had a right at the expiration of one year from the grant of letters to institute an equitable action for partition and distribution in the district court. Quintana v. Giraud (Tex. Civ. App.) 209 S. W. 770, 772, par. 5; Jerrard v. McKenzie, 61 Tex. 40. Her suit was substantially in accord with the provisions of the probate statute with reference to applications for partition and distribution. She made not only the executor Berkman, but all the other legatees and the said Thomas parties thereto. It was instituted within but on the last day of the year after the grant of letters testamentary. Not until said suit was heard and judgment rendered therein was it judicially established that the debts were all paid and that, after making provision for costs of administering the estate, a fund remained in the distribution of which Mrs. Bornstein as legatee was entitled to participate, and the amount she was entitled to receive by virtue of such participation fixed, liquidated, and determined. Prior to the rendition of said judgment, her claim was not a liquidated demand. Such a demand is defined to be one where the amount due is fixed by law or has been ascertained and agreed upon by the parties, when it appears not only that something is due but how much is due. 37 C. J. p. 1264. Although it may appear that something is due, if it does not also appear how much is due, the demand is not liquidated. 13 Am. & Eng.

Ency. of Law (1st Ed.) pp. 845–6. At the time of the institution of Mrs. Bornstein's suit her legacy was not only unliquidated, but she was not, according to the allegations of her own petition, entitled to payment of the same. She showed by the recitals in her said petition that the notes belonging to said estate were in the hands of the executor and had neither been collected nor sold, and that there was not sufficient money in his hands to pay legacies of the same class as hers in full.

[9-11] When an estate is being administered in the probate court, in the absence of express statutory authority, neither a legacy nor a distributive share is subject to garnishment prior to an order of distribution or settlement of the estate. The reasons given for such rule are that, until an order of distribution is made, the distributee or legatee has no present right to or interest in the property in the hands of the executor or administrator; it is uncertain and contingent whether he shall receive anything, and, if so, what amount, and, in addition thereto, the executor or administrator prior to such order is not a debtor of the legatee or distributee. 28 C. J. p. 185, § 224. After an order of distribution or an order for payment of legacies has been made, a legacy or distributive share may be reached by garnishment. The reasons given for such rule are that, by the decree, each share is finally and definitely ascertained, the executor or administrator becomes the personal debtor of the distributee or legatee, and a cause of action therefor arises in favor of the distributee or legatee against the administrator or executor, and there are no grounds for witholding the money thus judicially determined to be due. Id. pp. 186, 187, § 225.

The same rules apply, in effect, to the administration of an estate by an independent executor under our statutes. He can collect debts and sell securities. Not until he has done so is the amount of available cash actually determined. Notwithstanding the amount of the fund to be applied in such distribution may be so determined, he cannot safely distribute the same until the parties to participate in such distribution can be ascertained with reasonable certainty. He is not required to decide conflicting claims at his peril, but has a right to have such claims adjudicated in an action to which all claimants are made parties, so that all of them may be bound by such adjudication. He is not required, and should not be required to litigate such issues with a garnishing creditor in one suit, and with the legatees and other claimants of the funds in his hands in another suit. He has a right to have all parties interested bound by a common finding of fact. Skipwith v. Hurt, 94 Tex. 322, 333, 60 S. W. 423; Love v. Keowne, 58 Tex. 191, 198. Only when the available fund is definitely known and when the several claimants enti-

tled to participate therein and the basis of participation of each are known with reasonable certainty does it become his duty, upon demand of such legatees, to pay the respective legacies in whole or in part, as the funds on hand may permit. Then for the first time the independent executor becomes in contemplation of law the personal debtor of the legatee, and such legatee becomes entitled to maintain an action at law against him for his legacy without joining other legatees who may also be entitled to participate in such distribution. Wells v. Margraves (Tex. Civ. App.) 164 S. W. 881, 882, 883. Then also for the first time can the funds in his hands be impounded by a creditor of a legatee by garnishment process. The reason for this rule is admirably stated in a quotation made with approval by our Supreme Court in Pace v. Smith, 57 Tex. 555, 558, from the case of Shewell v. Keen, 2 Whart. (Pa.) 339, 30 Am. Dec. 266, as follows:

"An executor or administrator is, to a certain extent, an officer of the law, clothed with a trust to be performed under prescribed regulations. It would tend to distract and embarrass these officers if—in addition to the ordinary duties which the law imposes, of themselves often multiplied, arduous, and responsible—they were drawn into conflicts created by the interposition of creditors or legatees, and compelled to withhold payment of legacies without suit, to suspend indefinitely the settlement of estates, to attend perhaps to numerous rival attachments, to answer interrogatories on oath, and to be put to trouble and expense for the benefit of third persons, no way connected with the estate, nor within the duties of their trust."

Such rule applies with equal force to independent executors as to executors and administrators acting under the control of the probate court.

We adhere to our original holding that neither the legacy of Mrs. Bornstein nor the recovery in her favor, in which it was merged just before the service of appellee's writ of garnishment herein, was subject thereto at the time of such service.

Appellee's motion for rehearing is overruled.

STANFORD, J. Not being able to agree with my associates, I file the following dissenting opinion:

The legal question here involved is, Was the legacy in question subject to garnishment at the time the writ was served, or at the time the original answer in garnishment was filed? The will by which Mrs. Bornstein was bequeathed $1,000 provided, in effect, that the county court should have no jurisdiction except to probate the will, and the return and approval of an inventory and appraisement, and that no bond should be required of the executor. The will was duly probated, the inventory returned, and the independent executor duly qualified. The county court had

no further jurisdiction over the estate. The trial court correctly so recognized in providing for the collection of the district court judgment by the issuance of process, rather than directing it certified to the county court for payment, etc. More than a year after the will was probated, Mrs. Bornstein brought suit against the independent executor for distribution. If this suit had never been filed, this $1,000 legacy, it is thought, under the facts of this case, the will having been duly probated, the independent executor duly qualified, there being no debts against the estate, and it appearing affirmatively the assets were sufficient to pay all legacies in full, would surely have been subject to garnishment. It was not a claim for damages based upon a tort, but was a liquidated demand fixed and determined by the will—a written instrument which had been duly probated. It is thought the case of Waples-Platter Grocer Co. v. Texas & P. Railway Co., 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353, does not sustain appellants in this case. In that case the Supreme Court had two questions before it for decision, to wit:

"(1) Whether, pending said appeal therefrom, the said judgment in favor of Downtain was subject to * * * garnishment? (2) If not, whether the claim of the judgment debtor, Downtain, against the garnishee, the Texas & Pacific Railway Company, as stated and shown in the agreed statement of facts, is a demand of such character as to be subject to garnishment, even before the judgment which determined his rights thereon?"

In other words, was Downtain's judgment against the railroad subject to garnishment while appeal was pending therefrom? And, if not, then was Downtain's claim against the railroad subject to garnishment before it was reduced to judgment? The court first proceeded to determine the *"nature"* of Downtain's claim against the railway company, and found that his "cause of action was for unliquidated damages for breach of a contract," and said further:

"When the damages are unliquidated and in their nature uncertain, the demand is not subject to garnishment."

So the court answered the second question in the negative, and said further:

"It results from the foregoing conclusion that a like answer must be given to the first question."

In other words, the court held that, since Downtain's *claim* was not subject to garnishment because it was for unliquidated damages, the same was not subject to garnishment after being reduced to judgment while appeal therefrom was pending. The clear inference is that, if his *claim* was subject to garnishment, then after same was merged into a judgment it would still be so subject, although an appeal therefrom was pending.

There was no controversy between any of the parties to the suit for distribution, unless it can be said Morris Thomas was claiming a part of the estate. He filed no pleading, except a plea to the jurisdiction of the court, which was overruled, so we cannot know that he was claiming any interest in the estate in Texas; but suppose he was, and suppose a recovery by him would have reduced the amount of Mrs. Bornstein's legacy, would that render the reduced amount of her legacy, whatever it might be, immune from garnishment? It is thought not. If the claim of Thomas in the suit did render the amount of her claim uncertain, it did not change the nature of her claim. It did not change it into a claim resting in tort for unliquidated damages. It is not the uncertainty of a claim that determines whether or not it is subject to garnishment, but it is the uncertainty of a claim by reason of the *nature* of such claim. Suppose the suit for distribution had not been filed, and the garnishee had answered setting out the $1,000 legacy to Mrs. Bornstein, but alleging Thomas was claiming an interest in same, and he had been made a party to this garnishment suit and claimed a part or all of it, thereby rendering the amount of her claim uncertain, would her claim, whatever it might be, cease to be subject to garnishment? The garnishee can require the claimants of a fund to interplead and to settle their rights to the fund in his hands. Foy v. East Dallas Bank (Tex. Civ. App.) 28 S. W. 137; Kelley Grain Co. v. English (Tex. Civ. App.) 34 S. W. 651. I think our Supreme Court has answered most of these questions fully. Carter et al. v. Bush, 79 Tex. 29, 15 S. W. 167; Simon v. Ash, 1 Tex. Civ. App. 202, 20 S. W. 719; McClellan v. Routh, 15 Tex. Civ. App. 344, 39 S. W. 607. If the garnishment suit had been in a different court, it may be the pendency of the suit for distribution would have been an impediment to the garnishment upon the ground of conflict of jurisdiction over the same subject-matter, but, as the two suits here were in the same court, the reason of such rule wholly fails. Miller v. Taylor, 14 Tex. 538; Burke v. Hance, 76 Tex. 76, 13 S. W. 163, 18 Am. St. Rep. 28; Rieden v. Kothman (Tex. Civ. App.) 73 S. W. 425 (on motion for rehearing); Skipper v. Foster, 29 Ala. 330, 65 Am. Dec. 405, and note; 1 C. J. pp. 55, 56; R. C. L. vol. 1, pp. 16, 17. At the time the writ was served on the garnishee, Berkman, as executor of the estate of Mary Goldberg Thomas, deceased, in this case, the will had been probated fixing the liability of Berkman, as such executor, to Mrs. Bornstein for $1,000 legacy, provided the assets of the estate were sufficient to authorize the payment of all legacies in full, and, if not, then for her pro rata part of such legacy. This legacy was a debt or claim, and that character of debt or claim subject to garnishment.

The question here involved should be determined not from what the facts might have been, but from what they actually were. On September 8, 1925, the suit for distribution of the estate according to the provisions of the will was tried, and on said date judgment entered, adjudging that Thomas had no interest in said estate; that the assets of the estate consisted of $2,465.92 cash on hand, vendor lien notes for $6,000, and secured personal notes for $687.50, making a total of $9,153.42, all, as set out in the report of the independent executor, situated in Waco, Tex. The court directed the distribution of said estate, and to that end appointed the independent executor as receiver to sell said notes and report to the present term of the court. The court further entered judgment awarding to each of the legatees a recovery for the amount as provided by said will to such legatee, awarding to Mrs. Bornstein and husband a judgment for $1,000 against the independent executor, and directing execution to issue against him as such executor for same. Said independent executor as receiver, having converted said notes into cash, did report on October 3, 1925, and, after being allowed $58.40 expense in selling said notes, was on the same date discharged by the court as such receiver. As stated, the above judgment was entered September 8, 1925. The writ of garnishment was served on Berkman as independent executor on September 12, 1925. It will thus be seen, at the time the writ was served, a judgment of the court had already determined the assets sufficient to satisfy all legacies in full and awarded to Mrs. Bornstein judgment for her $1,000 legacy and execution to enforce same, thus sweeping away all doubt, either actual or imaginary, of her right to her legacy and the amount of same, unless same was rendered uncertain by the appeal of Thomas, taken later. The garnishee is required to answer what he was indebted at the time he answers as well as at the time of the service. At the time he was required to answer, October 6, 1925, the entire estate had been converted into money and judgment entered for Mrs. Bornstein for her $1,000, as shown by the record and as shown by the original answer of the garnishee, and there was nothing left to be determined, except the appeal of Morris Thomas. The judgment in favor of Mrs. Bornstein in no way changed the nature or character of said claim—it was still subject to the writ of garnishment, and it is thought clearly the subsequent appeal from said judgment, both proceedings being in the same court, did not affect the garnishment lien which had attached by the service of the writ. The garnishee in his original answer could neither affirm nor deny his indebtedness to Mrs. Bornstein, so he properly set forth the legacy, as provided for in the will, its probate, the judgment in favor of Mrs. Bornstein in the suit for distribution, for said legacy of $1,000, and the appeal by Mor-

ris Thomas therefrom. But none of these matters affected the garnishment lien which had attached by reason of the service of the writ. The trial court, it is thought, pursued the proper course in continuing the garnishment suit on his docket until the appeal by Thomas was disposed of, and then granting the garnishee leave to file the amended answer, at least, it was not error for him to do so. Article 4087, Revised Statutes 1925; Carter v. Bush, 79 Tex. 29, 15 S. W. 167. The judgment of the trial court should be affirmed.