## GANNAWAY et ux. v. CLOSNER.
### No. 8704.

Court of Civil Appeals of Texas. San Antonio.
Dec. 23, 1931.

Montgomery, Hall & Taylor, of Edinburg, for appellants.

C. W. Bell, of Houston, for appellee.

FLY, C. J.

Appellee sued for a sum of money amounting to $1,224.14, which appellants admitted they owed to appellee, but sought credits on the amount claimed to have been paid by them on judgments in garnishment obtained against them as debtors of appellee. The court denied the credits and rendered judgment for the amount admitted to be due.

This suit was filed on May 20, 1929, and appellants filed their original answer, consisting of a general demurrer and general denial, on September 3, 1929. The cause was continued at the instance of appellants on September 23, 1929, and on May 17, 1930 they filed an amended answer setting up payment of two judgments in garnishment against them as debtors to appellee. One of the garnishment judgments was dated March 31, 1930, and the other April 8, 1930. The judgments were obtained long after this suit had been filed and after appellants had answered the allegations of the petition. There was evidence indicat-

ing that the attorneys for appellants filed the two garnishments after this suit was filed and after appellants had answered in the suit; and said attorneys had been notified before they filed the garnishment suits that the claim for which judgment herein was rendered had been transferred to Houston and Tyler, and that appellee really had no interest in the amount. In the face of that information, the garnishment suits were filed and at least one of the judgments was settled with the attorney who had been notified that the claim in this case did not belong to appellee.

Appellants set up no defense to the garnishment suits, but admitted that they owed the sums sued for to Closner at a time when the suit by the latter against them, on the claim which they admitted they owed, was pending in the district court. One of the garnishment judgments was obtained in the county court of Hidalgo county and the other in the county court of Brazoria county. Having made no defense in the garnishment proceedings, but assisting them by admissions, appellants will not be permitted to defend against the claim pending in the district court by proof of payment by them of the garnishment judgments. This rule, from the time of the first Supreme Court of Texas, has been the rule in Texas. The rule is too well defined and settled to admit of argument or discussion. Miller v. Taylor, 14 Tex. 538; Burke v. Hance, 76 Tex. 76, 13 S. W. 163, 18 Am. St. Rep. 28; Waples-Platter Grocer Co. v. Railway Co., 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353. The second proposition is overruled.

The first proposition is overruled. If the assignment was erroneously admitted in evidence, it could not have injured appellants because, assignment or not, they had presented no legal defense to the action.

The judgment is affirmed.